■ ADELAIDA SANTOS, Appellant, v TOMAS TAVERAS, Respondent. [866 NYS2d 43]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 21, 2007, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly granted defendant's motion for leave to move for summary judgment more than 120 days after the filing of the note of issue (CPLR 3212 [a]; *see Pippo v City of New York*, 43 AD3d 303, 303-304 [2007]).

Defendant established prima facie that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d), by submitting a physician's affirmation reporting findings of a normal range of motion of the cervical spine and a mild "self-imposed" limitation of range of motion of the lumbar spine (*see Style v Joseph*, 32 AD3d 212, 214 n [2006]). In opposition, plaintiff failed to raise a triable factual issue. She presented no objective medical evidence of any injury to her lumbar spine. The only MRI study thereof was performed in July 2005, nearly one year after the accident, and the first documentation of any limitation corresponding to the findings of that study was made in December 2006, two years and four months after the accident and thus too remote to raise an inference that the limitation was caused by the accident (*see Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Moreover, plaintiff failed to explain

adequately the cessation of her treatment (*see Pommells v Perez*, 4 NY3d 566, 574-575 [2005]). Plaintiff's small, well-healed scars do not constitute a "significant disfigurement" within the meaning of the statute (*see Hutchinson v Beth Cab Corp.*, 207 AD2d 283, 283-284 [1994]).

Plaintiff also failed to submit competent medical evidence substantiating her 90/180-day claim. Concur—Mazzarelli, J.P., Catterson, McGuire, Acosta and Renwick, JJ.