■ Steven Tuberman, Appellant, et al., Plaintiff, v Andrea A. Hall et al., Respondents. [876 NYS2d 394]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered December 10, 2007, which, to the extent appealed from, dismissed plaintiff-appellant Steven Tuberman's complaint, alleging "serious injury" under Insurance Law § 5102 (d), unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's complaint as against the Hall defendants. The Hall defendants satisfied their prima facie burden of establishing that plaintiff did not sustain a statutorily-defined serious injury under Insurance Law § 5102 (d) (*see Shinn v Catanzaro*, 1 AD3d 195, 197 [2003]). The reports of the Hall defendants' expert orthopedist, Dr. Freeman, and expert neurologist, Dr. Schwartz, which showed that plaintiff had only minor limitations in the range of motion of his right knee, lumbar spine, and shoulders, established that plaintiff's injuries did not amount to a "significant" or "permanent" limitation of use of those body parts as a matter of law (*see Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see e.g. Santos v Taveras*, 55 AD3d 405, 405 [2008]). Moreover, the reports of the Hall defendants' expert radiologist, Dr. Tantleff, stated that any abnormalities revealed by the MRIs of plaintiff's cervical spine, lumbar spine, and right knee were degenerative in nature and not caused by the subject accident.

In opposition to the motion, plaintiff failed to proffer quantitative or qualitative evidence in admissible form raising an issue of fact that he did sustain a "serious injury" (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.