■ BOUBACAR KANTE, Appellant-Respondent, v DRAMANE DIAR-RASSOUBA et al., Respondents-Appellants. [878 NYS2d 13]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered September 14, 2007, which denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) and denied plaintiff's cross motion for partial summary judgment on the issues of liability and "serious injury" and to strike defendants' affirmative defenses, unanimously modified, on the law, defendants' motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Defendants established prima facie that plaintiff did not sustain a serious injury by submitting their experts' affirmations reporting normal ranges of motion in all tested areas, specifying the objective tests they performed to arrive at the measurements, and concluding that plaintiff's alleged injuries had resolved (*see e.g. Ayala v Douglas*, 57 AD3d 266 [2008]). Plaintiff's submissions in opposition to defendants' motion and in support of his cross motion for summary judgment were insufficient to raise an inference that he sustained a serious injury. While his experts reported range-of-motion limitations, specifying the objective tests they performed, their examinations were not contemporaneous with the accident and their findings are "too remote to raise an inference that the limitation was caused by the accident" (*Santos v Taveras*, 55 AD3d 405, 405 [2008]).

Defendants also established prima facie that plaintiff did not sustain a 90/180-day injury by submitting plaintiff's testimony that he returned to work within the first 90 days following his accident (*see e.g. Onishi v N & B Taxi, Inc.*, 51 AD3d 594 [2008]); plaintiff failed to submit competent medical evidence to show that he was prevented from performing his usual activities for not less than 90 of the first 180 days following the accident (*see e.g. Szabo v XYZ, Two Way Radio Taxi Assn.*, 267 AD2d 134, 135-136 [1999]).

In light of this disposition, we do not reach the parties' remaining contentions.

Motion seeking leave for costs and expenses and striking the cross appeal denied. Concur—Gonzalez, P.J., Nardelli, Catterson, Moskowitz and Renwick, JJ.