■ MIKE JEAN, Respondent, v MOHAMED KABAYA et al., Appellants. [881 NYS2d 891]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered January 12, 2009, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants established prima facie entitlement to judgment by submitting the report of their expert orthopedist indicating that plaintiff had normal range of motion in his left knee and that there was no finding suggesting a traumatic injury. The expert further opined that the cartilage changes in plaintiff's left knee were due to a degenerative condition, probably caused

by plaintiff's sports activity. Indeed, the same cartilage changes found in plaintiff's left knee during his arthroscopic surgery were also affecting in his right knee, according to the expert.

In response, plaintiff proffered insufficient objective medical evidence contemporaneous with the accident to reveal significant limitations in his knee resulting from the accident (*Ali v Khan*, 50 AD3d 454 [2008]). This requirement exists even where there is surgery on the knee (*Danvers v New York City Tr. Auth.*, 57 AD3d 252 [2008]). Furthermore, plaintiff's expert physician failed to address defendants' prima facie showing that the knee condition was due to preexisting, degenerative changes unrelated to any traumatic injury attributable to the accident (*Colon v Tavares*, 60 AD3d 419 [2009]; *Valentin v Pomilla*, 59 AD3d 184 [2009]).

Plaintiff missed only two weeks of school and no work as a result of the accident. Without any objective medical evidence, plaintiff's statements that he was limited in his ability to perform his normal daily activities as he had before the accident were insufficient to establish a serious injury under the 90/180-day test of Insurance Law § 5102 (d) (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]).

Plaintiff's argument regarding the evidence relied upon by defendants' expert physician is raised for the first time on appeal, and is thus not properly before us. Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ.