■ GLORYA F. CABRERA, Appellant, v HERMINA E. GILPIN et al., Respondents. [899 NYS2d 211]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered April 9, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court (Barry Salman, J.), entered October 20, 2009, insofar as it denied plaintiff's motion for renewal, unanimously affirmed, without costs. Appeal from that part of the October 20, 2009 order that denied plaintiff's motion for reargument unanimously dismissed, without costs, as taken from a nonappealable paper.

Defendants demonstrated prima facie that plaintiff did not sustain a "serious injury" as defined by Insurance Law § 5102 (d) through the affirmed reports of an orthopedist who found no limitations in range of motion in her cervical and lumber spine, shoulders, knees and ankles and opined that any injuries to those areas had resolved, a neurologist who reported a normal neurological examination and no objective neurological findings to support cervical or lumbosacral radiculopathy or carpal tunnel syndrome, and a radiologist who opined that an MRI taken

of plaintiff before the instant accident revealed a degenerative disc condition not attributable to trauma.

In opposition, plaintiff submitted her doctor's affirmation in which he stated that he treated plaintiff before the accident and then again six months after the accident; she submitted no objective medical evidence contemporaneous with the accident (*see Toulson v Young Han Pae*, 13 AD3d 317, 319 [2004]). Moreover, her doctor failed to address the conclusion of defendants' radiologist that plaintiff's condition was the result of a degenerative disease (*see Valentin v Pomilla*, 59 AD3d 184 [2009]).

On her motion for renewal, plaintiff failed to provide a reasonable justification for her failure to present the "new facts" in her original opposition to defendants' motion (*see American Audio Serv. Bur. Inc. v AT & T Corp.*, 33 AD3d 473, 476 [2006]). In any event, her doctor's affirmation did not fill in all the gaps in his earlier affirmation. Concur—Andrias, J.P., Saxe, Catterson, Freedman and Abdus-Salaam, JJ.