568

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADIL SHUJAAT, Appellant. [898 NYS2d 847]—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 17, 2006, convicting defendant, after a jury trial, of coercion in the second degree and harassment in the first degree, and sentencing him to a conditional discharge for a period of one year with 150 hours of community service and a $500 fine, unanimously affirmed.

Defendant has not established any compelling factor warranting dismissal in the interest of justice (*see generally People v Insignares*, 109 AD2d 221 [1985], *lv denied* 65 NY2d 928 [1985]). We see no reason to relieve defendant of any immigration consequences that may flow from his acts of misconduct against his wife. To the extent defendant is arguing that the verdict was based on legally insufficient evidence or was against the weight of the evidence, we reject those claims (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.

■ ROSA L. McDUFFIE, Appellant, v CAPELLAN B. RODRIGUEZ et al., Respondents. [899 NYS2d 218]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about June 19, 2009, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the complaint reinstated.

Defendants met their prima facie burden of establishing that plaintiff did not sustain a serious injury by submitting the affirmed reports of experts who, after examining plaintiff and reviewing her medical records and MRI studies, found a lack of causation between her complaint of right knee pain and the subsequent arthroscopic surgical repair and the accident, and instead attributed plaintiff's condition to preexisting degenerative osteoarthritis (*see Jean v Kabaya*, 63 AD3d 509 [2009]). In opposition, plaintiff raised a triable issue of fact, as her treating physician noted acute injuries related to the automobile accident as well as degenerative changes. Defendants' remaining arguments need not be addressed. Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.