Order, Supreme Court, Bronx County (Cynthia S. Kern, J.), entered June 17, 2009, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Defendant met his initial burden of proof on the motion. He established that plaintiff’s injuries were not, as a matter of law, serious (Insurance Law § 5102 [d]) through the report of an orthopedic surgeon, who determined that, 2½ years after the subject motor vehicle accident, plaintiff demonstrated only an insignificant reduction in range of motion in her lumbar spine and exhibited full range of motion in all other areas. Defendant also demonstrated that plaintiffs injuries were not causally related to the accident through the report of a radiologist, who opined that any reduction in range of motion in her lumbar spine was attributable to degenerative disc disease (see Tuber-man v Hall, 61 AD3d 441 [2009]; Santos v Taveras, 55 AD3d 405, 405 [2008]; Shinn v Catanzaro, 1 AD3d 195, 197 [2003]).
Plaintiff, however, raised issues of fact as to whether her injuries met the statutory definition of “serious” and were causally related to the accident sufficiently to defeat summary judgment. Plaintiffs treating physician determined, based on objective, quantitative tests, that plaintiff had significant limitations in range of motion in both her lumbar and cervical spine, both immediately following the accident and three years later (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]), and that her impairments were not degenerative in nature but were causally related to the accident. These findings clearly conflict with those of defendants’ experts {see e.g. Vera v Islam, 70 AD3d 525, 525 [2010]; Colon v Bernabe, 65 AD3d 969, 970 [2009]). Plaintiffs treating physician’s conclusion as to causation was no more speculative than that of defendant’s radiologist, given that plaintiff had no prior history or ever exhibited any symptoms of degenerative disc disease or any other condition, and the report of the radiologist who took the MRI films contemporaneously with the accident made no mention of *906 degeneration (see Harris v Boudart, 70 AD3d 643, 644-645 [2010]; Linton v Nawaz, 62 AD3d 434, 439-441 [2009], affd 14 NY3d 821 [2010]). Thus, contrary to defendant’s contention, plaintiffs physician adequately rebutted defendant’s radiologist’s claim of degenerative disc disease as the cause of plaintiffs injuries.
Finally, plaintiff adequately explained her two-year gap in treatment through her affidavit in which she averred that she continued physical therapy with her treating physician until her no-fault benefits ceased, that she was told that her health insurance would not cover continued treatment, and that she could not afford to pay for treatment out-of-pocket (see Perez v Vasquez, 71 AD3d 531, 532 [2010]; Wadford v Gruz, 35 AD3d 258, 259 [2006]). Concur—Saxe, J.E, Moskowitz, Freedman and Román, JJ.