■ MARIE THERESE SOHO, Appellant, v IBRAHIMA KONATE et al., Respondents. [925 NYS2d 456]—

Order, Supreme Court, Bronx County (Mary Brigantti-Hughes, J.), entered July 28, 2009, which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

On February 4, 2006, plaintiff, then 75 years old, fell as she attempted to enter a taxi driven by defendant Konate. Konate exited the car in an effort to help plaintiff. However, he had mistakenly left the taxi in drive and it subsequently moved forward and struck plaintiff in the leg. Plaintiff commenced this action against defendants alleging that she sustained serious injuries.

Defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affirmation of an orthopedic surgeon who concluded that based upon an examination of plaintiff and a review of her medical records, plaintiff was not seriously or permanently injured and that her right knee and right shoulder complaints were not causally related to the accident, but were the results of her weight and preexisting degenerative conditions consistent with her age (see Franchini v Palmieri, 1 NY3d 536 [2003]; Kerr v Klinger, 71 AD3d 593 [2010]). Thus, the orthopedist's opinion regarding causation was neither conclusory nor unsupported and was sufficient to establish defendants' prima facie case (see Lopez v American United Transp., Inc., 66 AD3d 407 [2009]; compare Frias v James, 69 AD3d 466 [2010]).

In opposition, plaintiff failed to raise a triable issue of fact. While plaintiff's medical records that were relied upon by defendants were properly before the court, plaintiff may not rely upon the unaffirmed medical report of the physician who examined her three years after the accident (see Bent v Jackson, 15 AD3d 46, 48 [2005]), and her remaining evidence failed to rebut defendant's prima facie showing. Indeed, plaintiff failed to provide objective evidence of contemporaneous limitations to her right knee and right shoulder as a result of the accident (see Jean v Kabaya, 63 AD3d 509 [2009]; Valentin v Pomilla, 59 AD3d 184, 185 [2009]), a prerequisite to establishing serious injury even where the plaintiff has undergone surgery (Jean, 63

AD3d at 510). Even though Dr. Nelson noted limitations to plaintiff's knee and shoulder 10 days after the accident, the doctor's report is deficient because it does not compare the findings to the standards for normal ranges of motion (*Zhijian Yang v Alston*, 73 AD3d 562 [2010]). Further, Dr. Bishow's operative report is not contemporaneous because he did not examine plaintiff until five months after the accident (*see Cabrera v Gilpin*, 72 AD3d 552 [2010]; *Toulson v Young Han Pae*, 13 AD3d 317 [2004]). Plaintiff's physicians also failed to address the existence of preexisting degenerative conditions as the cause of plaintiff's symptoms and failed to explain how the alleged serious injuries of plaintiff's right shoulder and right knee might not have been related to her age or weight (*see Lopez*, 66 AD3d at 407). Further, plaintiff's physicians failed to address the fact that merely because plaintiff had surgery for a meniscal tear does not establish that the injury was caused by the accident (*see Ortiz v Ash Leasing, Inc.*, 63 AD3d 556, 557-558 [2009]). Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.