■ RICHARD ROJAS, Respondent, v LIVO CAR INC. et al., Appellants. [925 NYS2d 508]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about January 5, 2010, which denied defendants' motion for summary judgment seeking to dismiss the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion as to plaintiff's 90/180-day claim, and otherwise affirmed, without costs.

On March 28, 2007, plaintiff, who was 32 years old at the time, was injured when a vehicle struck him while he was walking and knocked him to the ground. Plaintiff sustained a short-term loss of consciousness. The impact caused plaintiff to lose his glasses and shoes.

The motion court was correct to conclude that the conflicting medical testimony created a question of fact as to serious injury. Defendants submitted reports from several doctors who found,

after examining plaintiff, that he had normal ranges of motion, that there was no neurological disability and that any injury was attributable to preexisting, degenerative conditions unrelated to the accident.

However, in opposition, the report from plaintiff's treating orthopedist, who initially saw plaintiff just two weeks after the accident and continued to treat him thereafter, raised an issue of fact as to whether plaintiff sustained a "permanent consequential limitation of use of a body organ or member" and a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Plaintiff's doctor stated that plaintiff did not have normal range of motion in many areas, including his spine, left shoulder and both knees. He also noted that plaintiff suffered from severe headaches, that each specific area of injury was "a permanent condition directly attributable to the trauma of 3/28/07" from which plaintiff "will not fully recover" and that plaintiff has "a permanent impairment/disability due to the injuries sustained in said accident" (*see McClelland v Estevez*, 77 AD3d 403, 404 [2010]; *Vera v Islam*, 70 AD3d 525 [2010]). The doctor's report also raised an issue of fact as to whether the accident caused plaintiff's injuries. Indeed, the doctor stated that any seeming degenerative changes were the result of the accident (*see McDuffie v Rodriguez*, 72 AD3d 568 [2010]).

However, plaintiff failed to raise an issue of fact as to his 90/180-day claim because the record shows he returned to work within 10 days of the accident. Furthermore, he did not submit competent medical evidence or documentation showing that the injuries he allegedly sustained in the accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]; *Lazarus v Perez*, 73 AD3d 528 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [2010]). Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.