■ In the Matter of City of New York, Respondent, v American Pipe and Tank Lining Co., Inc., Appellant. [942 NYS2d 487]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered February 14, 2011, which denied the claimant's motion for an advance payment for the subject trade fixtures, and granted petitioner's cross motion for summary judgment dismissing the fixture claim, unanimously affirmed, without costs. Order, same court and Justice, entered May 20, 2011, which, to the extent appealed from as limited by the briefs,

denied claimant's motion to renew, unanimously affirmed, without costs.

The documentary evidence demonstrates that claimant and nonparty 538-540 West 35th Corporation (538 Corporation), the latter of which owned the condemned real property at issue, were owned and controlled by the same person. As a result, the IAS court correctly held that claimant was not entitled to additional compensation for trade fixtures, since petitioner paid 538 Corporation for condemnation of the real property based on a determination that redevelopment, and disposal of the fixtures, is the highest and best use of the property (*Matter of West Bushwick Urban Renewal Area Phase 2*, 69 AD3d 176, 182-183 [2009]).

The motion to renew was correctly denied since claimant presented no reasonable justification for failing to present the "new facts" on the prior motion (CPLR 2221 [e] [3]; *Henry v Peguero*, 72 AD3d 600, 602 [2010], *appeal dismissed* 15 NY3d 820 [2010]; *see also Cabrera v Gilpin*, 72 AD3d 552, 553 [2010]). Contrary to claimant's contention, the issue of 538 Corporation's ownership was not raised for the first time at oral argument on the prior motions. In any event, the new documents and affidavits regarding ownership would not have changed the prior determination (CPLR 2221 [e] [2]).

We have considered claimant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.