■ JOSETTE LINTON, Respondent, v EDUARDO GONZALES et al., Appellants. [974 NYS2d 350]—

Order, Supreme Court, Bronx County (Faviola A. Soto, J.), entered on or about March 19, 2013, which denied defendants' motion for summary judgment dismissing the complaint alleging serious injuries under Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendants made a prima facie showing of entitlement to judgment as a matter of law. They submitted the report of their expert orthopedic surgeon who, based on an examination of plaintiff and review of her medical records and MRI film, concluded that her shoulder symptoms were not caused by the subject accident but were secondary to degeneration, chronic impingement, and diabetes (*McDuffie v Rodriguez*, 72 AD3d 568 [1st Dept 2010]). The surgeon also stated that plaintiff's emergency room records and EMS reports noted no complaints of pain in the shoulder.

In opposition, plaintiff failed to provide any contemporaneous objective evidence of injuries to the left shoulder sufficient to raise an issue as to causation (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *Jean v Kabaya*, 63 AD3d 509, 510 [1st Dept 2009]). Reports from her chiropractor and neurologist show only treatment to the spine, and make no mention of any left

shoulder injuries. Although the affirmation and reports of plaintiff's orthopedic surgeon show range of motion limitations, positive impingement sign, and a tear in the left shoulder, he did not evaluate the left shoulder until about eight months after the accident, which is insufficient to raise an issue as to causation (*Rosa v Mejia*, 95 AD3d 402, 403-404 [1st Dept 2012]; *Soho v Konate*, 85 AD3d 522, 523 [1st Dept 2011]).

Given the lack of evidence of causation, plaintiff cannot establish her 90/180-day injury claim (*see Barry v Arias*, 94 AD3d 499, 500 [1st Dept 2012]). Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.