■ JOAN HENCHY, Appellant, v VAS EXPRESS CORP. et al., Respondents. [981 NYS2d 418]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 21, 2012, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injuries under Insurance Law § 5102 (d), and denied plaintiff's cross motion to amend her bill of particulars to add new allegations of injuries to the cervical lumbar and lumbar spine, unanimously affirmed, without costs.

On April 6, 2009, then 43-year-old plaintiff was driving her car when an oncoming vehicle owned and driven by defendants spun and hit the left side of her vehicle. Plaintiff commenced this action seeking to recover for serious injuries allegedly suffered in the accident and, as relevant, alleged in her bill of particulars that she sustained a serious injury to her left knee under the "permanent consequential limitation of use," "significant limitation of use," and 90/180-day injury categories of Insurance Law § 5102 (d).

In support of their motion for summary judgment, defendants established prima facie absence of a causal nexus between the left knee injury and the accident by submitting the affirmed report of their radiologist, who opined that the X ray film taken the day of the accident showed no acute injuries and that the knee symptoms reflected in the November 2009 MRI film were preexisting degenerative changes consistent with plaintiff's age and increased body habitus (*see Santos v Perez*, 107 AD3d 572, 573 [1st Dept 2013]; *Soho v Konate*, 85 AD3d 522, 522 [1st Dept 2011]). To the extent plaintiff argues that the radiologist's conclusions are speculative because he never met plaintiff, his observations of an increased body habitus are based on his review of the X ray and MRI films, and is supported by the record.

Defendants also submitted the report of their neurologist who examined plaintiff's cervical and lumbar spine and found full range of motion, absence of spasms, negative clinical test results, absence of neurological disabilities, and opined that she had resolved cervical and lumbar strain/sprain (*see Malupa v Oppong*, 106 AD3d 538, 539 [1st Dept 2013]; *De La Cruz v Hernandez*, 84 AD3d 652, 652 [1st Dept 2011]). That expert's failure to review plaintiff's medical records does not render his report insufficient, as it described the various tests he performed and found full range of motion and absence of disabilities (*see Abreu v NYLL Mgt. Ltd.*, 107 AD3d 512, 513 [1st Dept 2013]; *Fuentes v Sanchez*, 91 AD3d 418, 419 [1st Dept 2012]; *Clemmer v Drah Cab Corp.*, 74 AD3d 660, 660-661 [1st Dept 2010]).

Plaintiff opposed the motion and cross-moved to amend the bill of particulars, submitting a proposed "Amended and Supplemental Bill of Particulars," seeking, inter alia, to assert injuries to the lumbar spine and cervical spine. The evidence submitted by plaintiff in opposition to the motion failed to raise an issue of fact as to serious injury to the knee, because her records show that she did not receive treatment for the left knee until October 12, 2009, six months after the accident, and the MRI study showing tears was not performed until November 2009, seven months after the accident. Her failure to provide contemporaneous objective evidence of injury to or limitations in the left knee is fatal to her claims concerning the knee (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *see also Rosa v Mejia*, 95 AD3d 402, 404 [1st Dept 2012]; *Cabrera v Gilpin*, 72 AD3d 552, 553 [1st Dept 2010]). In light of this, her physician's conclusory opinion on causation does not sufficiently rebut the detailed findings of degenerative changes made by defendants' radiologist (*see Soho*, 85 AD3d at 523; *Lopez v American United Transp., Inc.*, 66 AD3d 407 [1st Dept 2009]), and plaintiff's physical therapist's conclusions on permanency, significance, and causation are incompetent evidence (*see Tornatore v Haggerty*, 307 AD2d 522, 522-523 [3d Dept 2003]; *Evans v Beebe*, 267 AD2d 828 [3d Dept 1999], *lv denied* 94 NY2d 762 [2000]).

As for the cross motion, leave to amend a bill of particulars following the filing of a note of issue (*see* CPLR 3043 [b]; 3042 [b]) is ordinarily freely given absent surprise or prejudice to the defendants (*Spiegel v Gingrich*, 74 AD3d 425, 426 [1st Dept 2010]; *Katechis v Our Lady of Mercy Med. Ctr.*, 36 AD3d 514, 516 [1st Dept 2007]; *Kassis v Teachers Ins. & Annuity Assn.*, 258 AD2d 271, 272 [1st Dept 1999]; Siegel, NY Prac § 240 at 418 [5th ed 2011]). Where there is an "extended delay in moving to amend, an affidavit of reasonable excuse for the delay in

making the motion and an affidavit of merit should be submitted in support of the motion" (*Kassis*, 258 AD2d at 272 [citation and internal quotation marks omitted]; *see also Alcala v Soundview Health Ctr.*, 77 AD3d 591 [1st Dept 2010]). Further, "where the proposed amendment clearly lacks merit and serves no purpose but to needlessly complicate discovery and trial, such a motion should be denied" (*Katechis v Our Lady of Mercy Med. Ctr.*, 36 AD3d at 516).

Here, while there is no showing of prejudice and the record arguably shows a reasonable excuse for delay, plaintiff failed to demonstrate the merits of the proposed claims. As to the cervical spine, plaintiff acknowledged she ceased feeling pain within a few months after the accident and has provided no objective evidence of injury, and only minor limitations were found by her physician (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *Waldman v Dong Kook Chang*, 175 AD2d 204 [2d Dept 1991]). As for the lumbar spine, the only objective evidence of injury is a disc bulge found in an MRI study that was performed over two years after the accident, which is not sufficiently contemporaneous to link such injury to the accident (*see Perl v Meher*, 18 NY3d at 217-218; *Wetzel v Santana*, 89 AD3d 554, 554 [1st Dept 2011]).

Given the insufficient evidence of causation of the knee injury, plaintiff cannot establish her 90/180-day injury claim (*see Barry v Arias*, 94 AD3d 499, 500 [1st Dept 2012]). In any event, defendants established prima facie entitlement to dismissal of the claim by pointing to plaintiff's bill of particulars and deposition testimony stating that she was confined to bed and home for about three to four weeks after the accident (*Mitrotti v Elia*, 91 AD3d 449 [1st Dept 2012]). Plaintiff did not raise an issue of fact on this point. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.