Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered August 26, 2013, which granted defendants’ motions for summary judgment dismissing plaintiffs complaint for failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously affirmed, without costs.
Defendants made a prima facie showing that plaintiff did not suffer a significant or permanent limitation of use of the left shoulder or spine. Defendants submitted the affirmed report of an orthopedic surgeon who examined plaintiffs allegedly injured body parts, listed the tests he performed and recorded range-of-motion measurements, expressed in numerical degrees and the corresponding normal values, and found normal range of motion in the spine and that the left shoulder and uninjured right shoulder had the same limitations (see Frias v Son Tien Liu, 107 AD3d 589 [1st Dept 2013]; see also Martinez v Goldmag Hacking Corp., 95 AD3d 682, 683 [1st Dept 2012]). The orthopedic surgeon’s finding of minor limitations in range of motion in two planes does not defeat defendants’ showing (see Tuberman v Hall, 61 AD3d 441 [1st Dept 2009]). Defendants also submitted the affirmed report of their radiologist, who, along with their orthopedic surgeon, reviewed plaintiff’s MRIs, and opined that plaintiffs injuries were degenerative in nature and not causally related to the accident (see Tuberman, 61 AD3d at 441).
In opposition, plaintiff failed to provide any medical evidence concerning his condition contemporaneous to the accident (see Perl v Meher, 18 NY3d 208, 217-218 [2011]; see also Rosa v Mejia, 95 AD3d 402, 403-404 [1st Dept 2012]). Although the affirmation of plaintiff’s orthopedic surgeon shows range-of- *587 motion limitations, he did not examine plaintiff until approximately 15 months after the accident, which is insufficient to raise an issue of fact as to causation (Linton v Gonzales, 110 AD3d 534, 535 [1st Dept 2013]; Mejia, 95 AD3d at 404). The surgeon also failed to address evidence of degeneration in the MRI reports of the cervical and lumbar spine (see Rosa, 95 AD3d at 404), or his own findings that the right shoulder, which plaintiff does not claim suffered injury in the accident, had greater limitations in range of motion than the uninjured left shoulder.
Given the lack of evidence of causation, the court properly dismissed plaintiffs 90/180-day injury claim (see Linton, 110 AD3d at 535).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur—Tom, J.E, Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.