■ STEPHANIE N., an Infant, by MIRIAM E., Her Mother and Natural Guardian, et al., Appellants, v RONALD DAVIS et al., Respondents. [5 NYS3d 412]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered August 13, 2013, which, in an action for personal injuries sustained in a motor vehicle accident, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law by showing that plaintiff Stephanie N. did not sustain "permanent consequential" or "significant limitation" injuries to her back as a result of the accident (Insurance Law § 5102 [d]). Defendants submitted the affirmed report of an orthopedic surgeon who reviewed an MRI report indicating no findings of bulging or herniated discs, and who examined plaintiff, finding normal results on the orthopedic tests he performed, and recording range-of-motion measurements expressed in numerical degrees and the corresponding normal values. The orthopedic surgeon's finding of minor limitations in range-of-motion in two planes does not defeat defendants' showing that she did not have significant or permanent limitation in use of her back, and that any sprain/strain had resolved (*see Camilo v Villa Livery Corp.*, 118 AD3d 586 [1st Dept 2014]; *Tuberman v Hall*, 61 AD3d 441 [1st Dept 2009]).

In opposition, plaintiffs failed to raise a triable issue of fact. Although plaintiff's physician found limitations in some ranges of motion, plaintiff failed to provide any objective medical evidence of injury to her back (*see Komina v Gil*, 107 AD3d 596 [1st Dept 2013]). Furthermore, plaintiff failed to submit any medical records or other evidence reflecting that she made complaints or received treatment for claimed back injuries contemporaneous to or soon after the accident (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *Rosa v Mejia*, 95 AD3d 402, 403-404 [1st Dept 2012]). Although the affirmation of plaintiff's physician shows some limitations in range of motion when he first examined her three months after the accident, without competent evidence in the record of any prior complaints or treatment, that is insufficient to raise a triable issue as to

causation (*see Linton v Gonzales*, 110 AD3d 534 [1st Dept 2013]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.