■ JEAN OCEAN, Appellant, v MOHAMMAD M. HOSSAIN et al., Respondents. [7 NYS3d 73]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about January 6, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' renewed motion for summary judgment dismissing the claims of permanent consequential and significant limitations of use of the knees pursuant to Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

By order entered December 23, 2011, Supreme Court denied defendants' original motion for summary judgment, with leave to renew following the completion of discovery. By notice of motion dated June 19, 2013, defendants moved to renew their motion, relying, inter alia, on the medical reports they had submitted on the original motion and a supplemental report from their orthopedist.

Defendants established prima facie that plaintiff did not sustain a serious injury to his knees within the meaning of Insurance Law § 5102 (d) by submitting their radiologist's and orthopedist's reports finding that the injuries in both knees were degenerative changes that existed before the motor vehicle accident and were consistent with plaintiff's weight and age (*see Henchy v VAS Express Corp.*, 115 AD3d 478, 478 [1st Dept 2014]). Defendants also relied on plaintiff's radiologist's MRI reports, which found degenerative conditions in both knees.

In opposition, the affirmations by plaintiff's treating physicians failed to address defendants' proof of preexisting degenerative conditions related to his age and weight (*see Soho v Konate*, 85 AD3d 522, 523 [1st Dept 2011]) or the evidence of

degeneration noted in his own radiologist's MRI reports (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014]). However, the affirmation by plaintiff's orthopedic surgeon, Dr. Harshad Bhatt, is sufficient to raise an issue of fact as to whether plaintiff suffered a serious injury causally related to the accident (*see Bonilla v Abdullah*, 90 AD3d 466 [1st Dept 2011], *lv dismissed* 19 NY3d 885 [2012]).

Dr. Bhatt affirmed that he reviewed the report of defendant's expert radiologist and "completely disagree[d]" with the doctor's opinion that the injuries to plaintiff's knees were due to degeneration. Rather, based on his personal observation, the lack of any previous knee complaints, and the "acute onset of pain directly after the subject accident," Dr. Bhatt affirmed that the injuries were causally related to the accident.

The court concluded that Dr. Bhatt's affirmation could not be considered because he was no longer licensed to practice medicine in New York. In the context of the renewed motion for summary judgment, this was error. Dr. Bhatt's medical license was revoked before the renewed motion was argued. However, he was licensed to practice medicine in New York when the affirmation was subscribed and when it was submitted to the court in opposition to defendants' original motion for summary judgment (*see Fung v Uddin*, 60 AD3d 992 [2d Dept 2009]). The revocation of Dr. Bhatt's license raises issues of credibility, but "[i]t is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Thus, a question of fact exists as to causation, and any questions about the credibility of the conflicting doctors' opinions are for the jury to resolve (*Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.