■ MELODY NIEVES, Appellant, v BUS MAINTENANCE CORP., Respondent, et al., Defendant. [11 NYS3d 591]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about May 14, 2014, which granted the motion of defendant Logan Realty Corp. & Logan Maintenance Corp. sued herein as Bus Maintenance Corp. (Logan) for summary judgment dismissing the complaint based on, among other things, the lack of a 90/180-day claim, unanimously affirmed, without costs.

Plaintiff alleges that her foot was run over by a vehicle driven by Logan's employee, defendant Morancie, causing her to fall down and suffer various injuries. Logan made a prima facie showing that plaintiff did not sustain a 90/180-day serious injury within the meaning of Insurance Law § 5102 (d). Logan relied on plaintiff's deposition testimony and medical records, which showed, among other things, that she stayed off her foot for "just about the first month" following the accident and was not confined to her home after the accident (*see Ortiz v Ash Leasing, Inc.*, 63 AD3d 556, 557 [1st Dept 2009]).

In opposition, plaintiff failed to present medical evidence showing that a medically determined, nonpermanent injury prevented her from performing substantially all of her usual and customary daily activities during the relevant period (*Rojas v Livo Car Inc.*, 85 AD3d 652, 653 [1st Dept 2011]; *see Ortiz*, 63 AD3d at 557). That plaintiff missed more than 90 days of work is not determinative (*Ortiz*, 63 AD3d at 557). Moreover, two

months after the accident, her treating doctor told her that she could bear weight on her foot and that she no longer needed crutches.

It is noted, however, that the Court erred in determining that Morancie's criminal plea collaterally estopped plaintiff from asserting a claim of vicarious liability against employer Logan, as issues of fact existed (*see City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33 [2d Dept 2009]). Concur— Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.