■ KATHERINE L., as Mother and Natural Guardian of JUSTIN M., an Infant, Appellant, v EHRIQUEE SEGURA et al., Respondents. [30 NYS3d 70]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered January 8, 2015, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury to plaintiff Katherine L.'s cervical spine, lumbar spine, knees, and wrists, within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claim of serious injury to the cervical and lumbar spine, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff's injuries were not causally related to the motor vehicle accident, through affirmed reports by a radiologist and an orthopedic surgeon who opined that the conditions in plaintiff's cervical spine, lumbar spine, knees, and wrists were degenerative in nature and unrelated to any trauma associated with the accident, and plaintiff's own medical records, including MRI reports that contained similar findings concerning her knees (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]; *see also Galarza v J.N. Eaglet Publ. Group, Inc.*, 117 AD3d 488 [1st Dept 2014]).

In opposition, plaintiff raised an issue of fact as to her cervical and lumbar spine injuries by submitting affirmed reports by her radiologist, who found bulging and herniated discs and did not note any degeneration, and her treating doctor, who measured continuing range of motion limitations and opined that the spinal injuries were caused by the accident, in light of the 27-year-old plaintiff's lack of history of injuries or complaints and the MRI findings (*see James v Perez*, 95 AD3d 788, 789 [1st Dept 2012]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]). Although plaintiff did not submit reports by the doctor who treated her shortly after the accident, her current doctor averred that plaintiff had been examined and treated at the same facility by another doctor, who referred her for MRIs, which were taken one month after the accident and revealed her disc injuries. This evidence of contemporaneous treatment and symptoms is sufficient to "reliably connect" plaintiff's spinal injuries to the accident (*Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *see Swift v New York Tr. Auth.*, 115 AD3d 507, 508 [1st Dept 2014]).

In contrast, plaintiff's medical evidence was insufficient to causally relate her claimed knee injuries to the accident, because her own MRIs showed evidence of degeneration, and her doctor did not address those findings and explain why they were not a cause of the injury (*see Alvarez*, 120 AD3d at 1044; *Ocean v Hossain*, 127 AD3d 402 [1st Dept 2015]). Plaintiff failed to provide any medical evidence rebutting defendants'

prima facie showing that the injuries to her wrists were degenerative. Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.