■ IRA MEHLMAN, Respondent, v CHAIN CAB CORP. et al., Appellants. [41 NYS3d 209]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 10, 2016, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to establish that he suffered a serious injury to his right ankle, left ankle, or lumbar spine within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to dismiss the claims of left ankle and lumbar spine injuries, and otherwise affirmed, without costs.

Plaintiff alleged that he suffered a serious injury to his right

ankle when defendants' taxi cab ran over his right foot, compressing it and thereby causing a tear of the posterior tibial tendon in the right ankle. He also claimed that the incident exacerbated preexisting conditions in his left ankle and lumbar spine.

Defendants established their entitlement to judgment as a matter of law by submitting evidence showing that plaintiff did not sustain a serious injury to his right ankle. Defendants submitted, inter alia, the affirmed report of an orthopedic surgeon, who examined plaintiff and found only insignificant limitations in range of motion (see Stephanie N. v Davis, 126 AD3d 502 [1st Dept 2015]; Camilo v Villa Livery Corp., 118 AD3d 586 [1st Dept 2014]).

In opposition, plaintiff raised a triable issue of fact by submitting affirmed reports of the doctor who treated him after the accident and an orthopedic expert who examined him two years later, and a certified copy of the MRI report prepared at the hospital where he sought treatment (see CPLR 4518 [c]). The orthopedist, upon examination, found significant limitations in range of motion, thereby disputing the findings of defendants' expert. The MRI report provided objective evidence of a tear in the posterior tibial tendon, but also showed that plaintiff had extensive preexisting degeneration in that tendon and throughout his ankle. Plaintiff's expert acknowledged the MRI findings of degeneration but opined, based on his examination of plaintiff, review of medical records and the history provided, that the accident was the competent cause of plaintiff's injury since, inter alia, there was no evidence that any tear existed before the accident, but only degeneration consistent with plaintiff's age. Plaintiff's treating physician also opined that the condition was caused by the taxi accident. Inasmuch as defendants did not provide expert medical opinion on the issue of causation, the opinions proffered by plaintiff raise issues of fact as to whether his right ankle injury was causally related to the accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Chaston v Doucoure, 125 AD3d 500 [1st Dept 2015]; compare Farmer v Ventkate Inc., 117 AD3d 562 [1st Dept 2014]).

However, dismissal of plaintiff's claims of serious injury to his left ankle and lumbar spine is warranted, since they are unsupported by any medical evidence. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.