Wade v Giacobbe (2019 NY Slip Op 07852)





Wade v Giacobbe


2019 NY Slip Op 07852


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10246 307118/13

[*1] Caroline Wade, Plaintiff-Appellant,
v
Anthony Giacobbe, Defendant-Respondent.


The Ofshtein Law Firm, Brooklyn (Aida Kuperman of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage (Gerard Ferrara of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about August 14, 2018, which denied plaintiff's motion to renew and/or vacate a prior order granting defendant's motion for summary judgment on default, unanimously affirmed, without costs.
In July 2015, plaintiff defaulted in opposing defendant's motion for summary judgment dismissing her complaint on the threshold issue of lack of a serious injury causally related to the motor vehicle accident involving defendant's vehicle (Insurance Law § 5102[d]). Defendant's motion was granted on default in October 2015, and plaintiff did not move to vacate the default until September 2016. In November 2016, the court denied that motion due to plaintiff's failure to file proof of personal service in compliance with the order to show cause. In March 2017, plaintiff brought this motion to renew and/or vacate the October 2015 order and also argued that the November 2016 order should be granted upon renewal.
The motion court providently exercised its discretion in declining to grant leave to renew the summary judgment motion and/or the prior motion to vacate because plaintiff raised no new facts that would have changed the outcome of the prior motions, and failed to provide a reasonable excuse for failing to present those facts at the proper time (see CPLR 2221[e]). Plaintiff's proffered new fact, an affidavit of service of the order to show cause, did not demonstrate personal service in compliance with the court's directive. Nor did her recently acquired affirmed medical report warrant renewal of the motion. Renewal is granted sparingly and is not a second chance freely given to parties who have failed to exercise due diligence in making their first factual presentation (see Henry v Peguero, 72 AD3d 600, 602 [1st Dept 2010], appeal dismissed 15 NY3d 820 [2010]; Chelsea Piers Mgt. v Forest Elec. Corp., 281 AD2d 252, 252 [1st Dept 2001]).
Alternatively, considering the belated motion to vacate the default on the merits, we find that plaintiff failed to provide a reasonable excuse for defaulting on defendant's motion for summary judgment (see CPLR 5015[a][1]). Plaintiff's counsel did not adequately explain the inability to timely obtain medical documents in admissible form to oppose the motion, or her failure either to seek an adjournment or to submit opposition explaining the inability to obtain medical evidence in admissible form (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Nor did counsel explain why it took nearly two months to receive the treating doctor's report after it was prepared and another eleven months to obtain an attestation from the doctor.
Counsel's vague and unsubstantiated claim that repeated requests were made for the doctor to provide the report did not amount to a reasonable excuse for the default, which had already occurred (see Fernandez v Santos, 161 AD3d 473, 474 [1st Dept 2018]; Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]). While the issue need not be reached due to the absence of an acceptable excuse for the default (see Fernandez v Santos, 161 AD3d at 474), plaintiff also failed to demonstrate a meritorious defense to defendant's motion for summary judgment on the threshold serious injury issue. Among other [*2]things, the affirmed medical report did not provide proof of contemporaneous treatment of the claimed shoulder injury or of significant or permanent consequential limitations in range of motion as compared to normal (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; Stephanie N. v Davis, 126 AD3d 502, 502 [1st Dept 2015]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK