(June 15, 2010)

■ Josefina Martinez-Garo et al., Appellants, v Riverbay Corporation, Respondent. [902 NYS2d 541]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 21, 2008, in an action for personal injuries sustained in a trip and fall on defendant's premises, upon a jury verdict in defendant's favor, dismissing the complaint, unanimously affirmed, without costs.

The trial court included in the jury's verdict sheet a question, question No. 7, asking whether plaintiff suffered a traumatic tear of the knee as a result of her fall on defendant's premises, to which the jury unanimously answered "No." In response to a previous question, the jury unanimously answered "Yes" as to whether defendant's negligence was "a substantial factor in causing [plaintiff's] accident." During trial, the issue of whether plaintiff's knee injury was degenerative in nature or caused by trauma was in dispute. Although question No. 7 should have

been framed in terms of proximate cause and should have asked whether the accident or defendant's negligence was a proximate cause of plaintiff's knee injury, rather than a "traumatic tear," the actual terms of the question do not warrant a new trial. On the particular facts of this case, including the overwhelming evidence that the knee injury was degenerative in nature, the jury's response demonstrated that the requisite causal nexus between the accident and plaintiff's claimed injury was absent (*see Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 222 [2007]; *Bustamante v Westinghouse El. Co.*, 195 AD2d 318 [1993]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, McGuire, Acosta and Abdus-Salaam, JJ.