Defendants met their burden of establishing the absence of a serious injury to plaintiff’s right knee by submitting their neurologist’s report finding full range of motion, negative test results, and resolved injuries, and their radiologist’s report finding absence of tears, trauma, or other causally related injuries (see Fuentes v Sanchez, 91 AD3d 418 [1st Dept 2012]). In opposition, plaintiff failed to raise a triable issue of fact. His treating physician provided neither evidence of range of motion limitations nor a qualitative assessment of the knee, and his finding of permanency relied on plaintiffs subjective complaints of pain *623 (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). While plaintiffs radiologist found a meniscal tear, the record contains no evidence of any limitations resulting from that tear (see Dembele v Cambisaca, 59 AD3d 352 [1st Dept 2009]).
Plaintiffs contention that defendants failed to establish the absence of serious injury to his cervical and lumbar spine because of the inconsistencies or omissions in their experts’ reports is unpreserved, and we decline to consider it (see Alicea v Troy Trans, Inc., 60 AD3d 521, 521-522 [1st Dept 2009]). In any event, plaintiff failed to rebut defendants’ prima facie showing of lack of causation. Defendants’ radiologist concluded that the claimed injuries in both parts of the spine were preexisting degenerative conditions, and found no evidence of trauma or causally related injuries (see Graves v L&N Car Serv., 87 AD3d 878 [1st Dept 2011]). Plaintiffs radiologist did not opine as to the etiology of the injuries (id.). Plaintiffs treating physician opined as to causation, albeit conclusorily (see Biascochea v Boves, 93 AD3d 548, 548-549 [1st Dept 2012]). However, plaintiff failed to explain adequately the gap in treatment from six months or a year after the February 2008 accident through February 2011 (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
Plaintiffs admission at deposition that he returned to work two days after the accident established as a matter of law that he did not suffer a 90/180-day injury (see Seek v Balla, 92 AD3d 543 [1st Dept 2012]). Concur — Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.