Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 7, 2011, which, in this action alleging legal malpractice, granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
On an appeal from a denial of a dismissal motion, this Court found that plaintiff “has stated a cause of action for legal malpractice by alleging that ‘but for’ defendant’s failure to prepare and procure documents necessary to provide him with a first-priority security interest, he would have been able to recover the amounts owed to him by the defaulting borrower” (Garten v Shearman & Sterling LLP, 52 AD3d 207, 207 [1st Dept 2008]).
Now, after discovery, it is clear that plaintiff cannot establish either a breach of duty or causation, both of which are necessary to proceed with the claim (see Wo Yee Hing Realty Corp. v Stern, 99 AD3d 58, 62-63 [1st Dept 2012]).
Plaintiff’s own deposition testimony establishes that he understood that at the time he was advancing a loan to Pacific Jet, there was a superior lien on the accounts receivable, which were also being used to collateralize his loan. He knew the identity of the senior creditor and fully understood that his position would be junior when his loan was first made and would *437 remain so, unless and until the first lien was paid off. He was, however, under a mistaken impression about the amounts owed to the senior creditors because his friend, Tim Prero, Pacific Jet’s principal, misled him by significantly understating those amounts. Plaintiffs assumptions about his business risk in getting repaid were based upon false factual information about the financial health of Pacific Jet and how quickly the senior creditors would be paid off. Defendant established a prima facie case warranting dismissal of the complaint by showing that plaintiffs losses were caused by Pacific Jet’s poor financial condition and plaintiffs misjudgment of risk based upon the false factual information provided to him by Prero (see A&R Kalimian v Breger, Gorin & Leuzzi, 307 AD2d 813 [1st Dept 2003]).
Plaintiff failed to raise any factual disputes in opposition. There is no evidence that defendant was retained to review Pacific Jet’s private corporate records. The undisputed evidence reveals that plaintiff alone reviewed Pacific Jet’s private financial records and negotiated the material terms of the transaction. The public UCC records, which defendant searched, revealed a prior security interest, a fact known to all, but no lien amount was recorded. Although plaintiff asked defendant to “document” his first priority interest, he did not have a first priority interest at the time he advanced the loan and had no expectation of a first priority interest before the senior creditor was paid. Subordination agreements or releases from the senior creditor at the time the loan was made, therefore, were not in order. Plaintiff has not elucidated what other documents defendant could have procured or prepared that would have altered the outcome of what was in hindsight a bad business deal.
Plaintiff no longer claims that defendant could have taken actions that would have allowed him to recover the amounts owed. He currently argues that he would not have entered into the transaction had he known his friend was misleading him about the amounts owed to prior creditors. This position is different from the position he prevailed upon on the motion to dismiss. It is also contrary to his deposition testimony, when in answer to a direct question about whether he considered not making any loans because his friend had failed to show him any documentation, plaintiff could not “speak to his mindset” at the time. Plaintiffs new claim does not create an issue of fact that would defeat summary judgment (see Madtes v Bovis Lend Lease LMB, Inc., 54 AD3d 630 [1st Dept 2008]). Finally, the undisputed evidence reveals that plaintiff was aware that there were risks associated with having a junior security position at the time he advanced the loan proceeds and negotiated his own remedy of *438 enhanced interest. Concur—Andrias, J.P., Friedman, DeGrasse, Román and Gische, JJ.