Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 23, 2012, which granted defendants’ motion for summary judgment dismissing the complaint alleging legal malpractice, unanimously affirmed, without costs.
Plaintiff argues that defendants were negligent in failing to seek leave to file a late notice of claim in plaintiffs underlying personal injury action, and/or by providing incorrect legal advice regarding the applicable statute of limitations for commencing a malpractice claim against his prior counsel, who failed to file a timely notice of claim (see generally Brooks v Lewin, 21 AD3d 731 [1st Dept 2005], lv denied 6 NY3d 713 [2006]; Garten v Shearman & Sterling LLP, 102 AD3d 436 [1st Dept 2013]).
Defendants contend that the legal malpractice action was correctly dismissed because, notwithstanding any alleged failure on counsel’s part, plaintiff would not have prevailed in the underlying serious injury action since the record evidence shows that plaintiff could not have raised a triable issue of fact as to whether he suffered a serious injury.
Plaintiff alleged that the July 2003 accident resulted in serious injury to his right knee under three statutory categories. Defendants’ evidence in the form of, inter alia, (a) pre-2003 medical reports noting prior incidents of trauma to plaintiffs right knee, (b) plaintiffs sworn statements regarding his daily activities in the first 180 days following his 2003 accident, and (c) a medical examination and opinion from defendants’ expert orthopedist, was sufficient to establish prima facie entitlement to summary judgment dismissing plaintiff’s serious injury allegations.
Plaintiffs proof of the alleged serious injury was insufficient *581 to support his claim. Plaintiff did not offer proof of objective testing, accompanied by quantified results as would support the claimed knee limitations, apart from early range-of-motion flexion tests whose findings, as to restrictions, were improperly premised upon subjective complaints of pain (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]). The qualified assessment of plaintiffs right knee condition, made by plaintiffs treating orthopedist, whose opinion in support of plaintiffs serious injury claim was premised upon his observations made during an arthroscopic procedure he performed on plaintiffs knee in 2006, failed to address the “unremarkable” findings of a 2003 MRI study, which was ordered approximately nine days after plaintiffs accident. Moreover, the surgical observations made by plaintiffs orthopedist did not objectively explain how alleged limitations in plaintiffs right knee differed from what would be the knee’s normal function, purpose and use (see Toure, 98 NY2d at 350). Further, by 2011, plaintiffs orthopedist acknowledged that plaintiff had noted only occasional weather-related complaints with his right knee. Plaintiff was able to resume skiing, but not running.
Plaintiffs own sworn statements, including that he returned to work a week after the accident and was primarily unable to partake in regular recreational exercise, undermined his claim that he was unable to partake in substantially all the material acts that constituted his usual and customary daily activities for at least 90 of the first 180 days (see Valdez v Benjamin, 101 AD3d 622, 623 [1st Dept 2012]; Atkinson v Oliver, 36 AD3d 552 [1st Dept 2007]). Moreover, plaintiffs treating orthopedist failed to substantiate, via a medically objective opinion, whether plaintiff lacked the capacity to engage in substantially all of his customary daily activities for 90 out of the first 180 days (see e.g. DeSouza v Hamilton, 55 AD3d 352 [1st Dept 2008]; Ortega v Maldonado, 38 AD3d 388 [1st Dept 2007]).
Further, as found by the motion court, plaintiffs unexplained gap in treatment between April 2006 and February 2011 undermined his serious injury claim (see e.g. Pommells v Perez, 4 NY3d 566 [2005]; Valdez, 101 AD3d at 623).
Concur—Tom, J.R, Sweeny, Saxe, Román and Feinman, JJ.