■ TERRENCE MULLIGAN, Appellant, v CITY OF NEW YORK et al., Respondents. [993 NYS2d 24]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 23, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint based on plaintiff's failure to establish a "permanent consequential" or "significant" limitation of use of his cervical and lumbar spine and right knee within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied to the extent plaintiff alleges permanent consequential and significant limitations of use of his cervical and lumbar spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain permanent consequential or significant limitations in the subject body parts by submitting the affirmed report of their medical expert, who found no limitations in range of mo-

tion upon examination (*see Thomas v City of New York*, 99 AD3d 580, 581 [1st Dept 2012], *lv denied* 22 NY3d 857 [2013]). Plaintiff's refusal to cooperate fully with the examination of his lower back does not undermine the expert's opinion that his back was asymptomatic. Defendants' expert, relying on plaintiff's MRI reports, also opined that the injuries were not causally related to the accident because the MRI report of the right knee revealed preexisting conditions that could cause a meniscal tear, and the MRI reports of the cervical and lumbar spine revealed bulging discs that may exist absent any trauma (*see Vasquez v Almanzar*, 107 AD3d 538, 539 [1st Dept 2013]).

Although plaintiff's orthopedic surgeon opined that the right knee injury was caused by the accident, plaintiff failed to present any evidence of quantified or qualitative limitations in use of his right knee, either before or after surgery to repair the meniscal tear. A tear of the meniscus, standing alone, without any evidence of limitations caused by the tear, is not sufficient to raise a triable issue of fact (*see Valdez v Benjamin*, 101 AD3d 622, 623 [1st Dept 2012]).

Plaintiff, however, raised triable issues of fact with respect to the alleged injuries to his cervical and lumbar spine. Although plaintiff did not submit a copy of the MRI reports, defendants' expert relied on plaintiff's MRI reports in forming his opinion as to causation, and defendants did not present any evidence to dispute the findings of multiple bulging discs (*see Windham v New York City Tr. Auth.*, 115 AD3d 597, 598 [1st Dept 2014]). Further, the affidavit of plaintiff's chiropractor set forth range-of-motion limitations measured shortly after the accident, averred that limitations continued throughout the course of treatment, and measured limitations 2½ years later. Plaintiff's chiropractor and orthopedic surgeon both opined that the spinal injuries were causally related to the accident; their opinions are entitled to the same weight as defendants' expert's opinion and are sufficient to raise an issue of fact (*see Vaughan v Leon*, 94 AD3d 646, 648 [1st Dept 2012]). Defendants' argument that plaintiff had not explained a gap in his treatment is not properly before us, as it was raised for the first time in their reply affirmations in support of their motions (*see Rosa v Mejia*, 95 AD3d 402, 405 [1st Dept 2012]).

If plaintiff demonstrates that his spine injuries are serious injuries within the meaning of the Insurance Law, he can recover for all injuries proximately caused by the accident, including his knee injury (*Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [1st Dept 2010]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.