(April 23, 2015)

■ LEE ROTHMAN, Appellant, v MCLAUGHLIN & STERN, LLP, et al., Respondents. [8 NYS3d 113]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 5, 2013, dismissing the complaint, unanimously affirmed, without costs.

In this action for legal malpractice, defendants, attorney Martin J. Friedman and his firm, McLaughlin & Stern, LLP, represented plaintiff in connection with the acquisition of an interest in two companies. After plaintiff lost the money he

invested because the companies turned out to be part of a Ponzi scheme, he commenced this action alleging that defendants failed to conduct due diligence with respect to the companies' finances.

Defendants established their entitlement to judgment as a matter of law by submitting proof that plaintiff, an experienced investor, understood that the retainer agreement excluded due diligence from the scope of representation. Namely, the evidence demonstrates that plaintiff declined his accountant's advice to conduct due diligence and that he advised defendants that none was needed because he trusted the companies' owner and had engaged in numerous business transactions with her. Plaintiff's statements that he did not want any due diligence conducted, set forth in affidavits by defendant Friedman and plaintiff's accountant, are admissible as party admissions (*see e.g. Delgado v Martinez Family Auto*, 113 AD3d 426 [1st Dept 2014]).

Furthermore, plaintiff's damages are not attributable to defendants. To the extent plaintiff sustained any nonspeculative losses, the motion court correctly concluded that those losses were caused by the fraud committed by the owner of the companies and plaintiff's own misjudgment of the business risks, not by defendants' alleged conduct (*see Garten v Shearman & Sterling LLP*, 102 AD3d 436, 436-437 [1st Dept 2013], *lv denied* 21 NY3d 851 [2013]).

The record belies plaintiff's contention that defendants received undisclosed third-party payments that constituted a conflict of interest (*see* former Code of Professional Responsibility DR 5-107 [a] [1] [22 NYCRR 1200.26 (a) (1)]). Plaintiff knew of and consented to the offer by the companies' owner to pay part of defendants' legal fees. Moreover, payments were made well after the acquisition closed, and plaintiff cites no evidence that the arrangement pre-dated the closing. Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.