Ortiz v City of New York (2021 NY Slip Op 05930)





Ortiz v City of New York


2021 NY Slip Op 05930


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 305895/13 Appeal No. 14508 Case No. 2020-02647 

[*1]Edwin Ortiz, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Greg Freedman of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Benjamin H. Pollak of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Ben R. Barbato, J.), entered December 19, 2019, upon a jury verdict in defendants' favor, and the appeal therefrom bringing up for review a ruling that denied plaintiff's motion to set aside the verdict, unanimously affirmed, without costs.
The verdict finding that plaintiff did not sustain a serious injury as a result of the motor vehicle accident was not against the weight of the evidence. There was ample evidence, including expert testimony, that plaintiff's claimed injuries were degenerative in nature and not causally related to the accident (see Martinez-Garo v Riverbay Corp., 74 AD3d 543, 544 [1st Dept 2010]). The jury also heard testimony from plaintiff that he was involved in a prior motor vehicle accident, in which he injured the same body parts allegedly injured in the subject accident. Plaintiff's subjective complaints of pain, in the absence of corroborating objective medical evidence, is insufficient to establish a serious injury under Insurance Law § 5102(d) (see Grimaldi v Newman & Okun, P.C., 105 AD3d 580, 581 [1st Dept 2013]).
Because plaintiff did not request a mistrial before the jury rendered its verdict, he failed to preserve his argument that defense counsel's remarks during cross-examination and summation were prejudicial and deprived him of a fair trial, and we decline to reach it in the interest of justice (see Smith v Rudolph, 151 AD3d 58, 62 [1st Dept 2017]). Were we to reach the issue, we would find that defense counsel's remarks fell within the broad bounds of permissible rhetoric pointing out flaws in plaintiff's evidence, and did not deprive plaintiff of a fair trial (see Gregware v City of New York, 132 AD3d 51, 61 [1st Dept 2015]). Furthermore, any potential prejudice was remedied by the court's curative instructions, which the jury is presumed to have understood and followed (see Rivera v New York City Tr. Auth., 92 AD3d 516, 517 [1st Dept 2012]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021