Fall v Greyhound Lines, Inc. (2024 NY Slip Op 05888)

Fall v Greyhound Lines, Inc.

2024 NY Slip Op 05888

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 158735/18 Appeal No. 3110 Case No. 2023-01758 

[*1]Aida Fall, Plaintiff-Respondent,
v
Greyhound Lines, Inc., et al., Defendants-Appellants.

Marshall Dennehey, P.C., New York (Diane K. Toner of counsel), for appellants.
Nguyen Leftt, PC, New York (Stephen D. Chakwin, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about March 9, 2023, which denied defendants' motion for summary judgment dismissing the complaint on grounds that plaintiff did not sustain a serious injury under Insurance Law § 5102(d), unanimously affirmed, without costs.
In opposition to defendant's prima facie showing of entitlement to judgment as a matter of law, plaintiff's medical submissions raise a triable issue of fact as to whether her alleged traumatic brain injury (TBI) constitutes a serious injury under Insurance Law § 5102(d) (see Snyder v Daw, 175 AD3d 1045, 1047 [4th Dept 2019]). Plaintiff's neurologist submitted an affirmation stating that, shortly after the accident, plaintiff had headaches, exhibited balance and equilibrium impairments, and demonstrated difficulties with visual spatial tasks, attention, memory, and recall (see id.; Flanders v National Grange Mut. Ins. Co., 124 AD3d 1035, 1037-1038 [3d Dept 2015]). Based on these observations, along with plaintiff's Montreal Cognitive Assessment score and positive findings in her brain imaging scans, the neurologist concluded that plaintiff had sustained a TBI as a result of the accident (see id.; cf. Rumford v Singh, 130 AD3d 1002, 1004 [1st Dept 2o15]). Defendants' arguments regarding the sufficiency of plaintiff's TBI evidence are unavailing (see e.g. Scott v Posas, 194 AD3d 454, 456 n 2 [1st Dept 2021]).
Plaintiff also raised a triable issue of fact with respect to her bilateral shoulder injuries, as her treating physician noted reduced range of motion in both shoulders two months after the accident (see e.g. Garner v Tong, 27 AD3d 401 [1st Dept 2006]). He also found that these observations and plaintiff's complaints were consistent with MRI findings showing labral tears in both shoulders (see Vaughan v Leon, 94 AD3d 646, 648 [1st Dept 2012]). Though the MRI reports are unaffirmed, they may be considered in opposition to summary judgment, as they were relied on by defendants' experts (see Mulligan v City of New York, 120 AD3d 1155, 1156 [1st Dept 2014]; see e.g. Clemmer v Drah Cap Corp., 74 AD3d 660, 661 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024