■ TIFFANY RICKERT, Respondent, v PEDRO L. DIAZ et al., Defendants, and CONFESOR REYES, Appellant. [976 NYS2d 80]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 1, 2012, which denied defendant Confesor Reyes's motion for summary judgment dismissing the complaint alleging serious injuries under Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Tiffany Rickert was sitting in the backseat of a livery cab driven by defendant Confesor Reyes when another vehicle struck the right passenger side of the cab in the right rear door area, where plaintiff was sitting. She commenced this action under Insurance Law § 5102 (d), alleging that she sustained "permanent and lasting" injuries to her left knee, right shoulder, cervical spine, and lumbar spine as a result of the accident.

Defendant established prima facie absence of "permanent

consequential" serious injury by submitting the affirmed report of his expert radiologist and orthopedist. The affirmed MRI reports of defendant's radiologist explaining in detail that the symptoms observed in the MRI films of the cervical spine, right shoulder, and left knee were preexisting degenerative changes established prima facie absence of causation as to those parts of the body (*Abreu v NYLL Mgt. Ltd.*, 107 AD3d 512 [1st Dept 2013]; *Coley v DeLarosa*, 105 AD3d 527, 527-528 [1st Dept 2013]). In addition, defendant's expert orthopedist found, based upon an examination conducted over four years postaccident, that plaintiff had full range of motion and negative clinical test results in all the claimed injured parts of the body (*see Kone v Rodriguez*, 107 AD3d 537, 538 [1st Dept 2013]; *Valdez v Benjamin*, 101 AD3d 622 [1st Dept 2012]). Moreover, with respect to the lumbar spine, the orthopedist found that the MRI film showed multilevel disc degeneration, and opined that plaintiff suffered, at most, a "temporary soft tissue injury superimposed on underlying degenerative processes" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). The orthopedist's opinion was consistent with an X ray taken at the hospital which revealed degenerative disc disease, and plaintiff's testimony that she sought treatment only for her knee and shoulder complaints after her initial postaccident treatment. Thus, defendant presented sufficient evidence to establish prima facie that plaintiff suffered no permanent consequential or significant limitation of use injury caused by the accident (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]).

Plaintiff failed to raise a triable issue of fact, as none of her experts' reports were affirmed under CPLR 2106. To the extent some were submitted as certified business records, those reports contain medical opinions and diagnosis and cannot be admitted as business records under CPLR 4518 (*Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2d Dept 2006]; *Komar v Showers*, 227 AD2d 135 [1st Dept 1996]). In any event, even if the reports were properly affirmed, her doctors failed to explain why degeneration could not be ruled out as the cause of plaintiff's injuries, or even to offer any clear opinion as to causation (*see Arroyo v Morris*, 85 AD3d 679 [1st Dept 2011]). Further, the limitations in the shoulder set forth in the report of plaintiff's most recent examination are minor and insufficient to raise a triable issue of fact as to a permanent consequential limitation (*see Dufel v Green*, 84 NY2d 795, 798 [1995]; *Style v Joseph*, 32 AD3d 212, 214 [1st Dept 2006]). The examining physician also did not compare her findings in the knee to normal, and did not examine the cervical spine or lumbar spine at all. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.