(March 25, 2014)

■ Irwin McSweeney, Respondent, v Sang H. Cho, Appellant. [983 NYS2d 503]—

Order, Supreme Court, New York County (George J. Silver, J.), entered August 13, 2012, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint based on plaintiff's failure to demonstrate that he suffered a serious injury within the meaning of Insurance Law § 5102 (d), and granted plaintiff's cross motion for partial summary judgment on the issue of liability and for leave to amend his bill of particulars, unanimously affirmed, without costs.

In October 2008, defendant's car struck plaintiff, an auxiliary police officer, as he was directing traffic. Specifically, defendant's car hit plaintiff on his right side, the car's bumper striking plaintiff's right knee. Plaintiff contends that the accident caused "serious injury" to his right knee under the No-Fault Law categories of "permanent consequential limitation of use of a body organ or member" and "significant limitation of use of a body function or system."

Defendant moved for summary judgment, and met his prima

facie burden on the motion by submitting the affirmed report of an expert who opined, based upon his nearly identical clinical findings of limitations of range of motion in both of plaintiff's knees, that plaintiff did not suffer a traumatic injury to his right knee but instead presented with a preexisting degenerative condition consistent with his age, 62.

However, plaintiff raised an issue of fact as to whether he suffered serious injury caused by the automobile accident by submitting the affirmed report of a treating orthopedist who saw him approximately six months after the accident and referred him for an MRI. The MRI showed medial and lateral meniscus tears in the right knee. The orthopedist recommended arthroscopic surgery to repair these tears. Having postoperative complaints of pain, plaintiff continued to receive injections to his right knee, along with physical therapy. In August 2011, the same orthopedist performed range-of-motion testing, and diagnosed plaintiff with limited range of motion in his right knee. He also opined that plaintiff's injuries were permanent.

In his affirmed report, this orthopedist concluded, in direct contrast to defendant's expert, that the October 2008 car accident was the competent producing cause of the medial and lateral meniscal tears, creating an issue of fact for the jury (*see Perl v Meher*, 18 NY3d 208, 219 [2011]; *Pinzon v Gonzalez*, 93 AD3d 615 [1st Dept 2012]; *Williams v Perez*, 92 AD3d 528 [1st Dept 2012]). The orthopedist also noted that plaintiff's right knee had been asymptomatic before the accident.

The court properly granted plaintiff summary judgment on liability given the uncontested facts that plaintiff was directing traffic at the subject intersection when he was hit by defendant's car and that defendant admitted that he did not see the auxiliary officer in his path before striking him (*see Malone v Morillo*, 6 AD3d 324 [1st Dept 2004]). On this record, no issue concerning plaintiff's comparative negligence exists. Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.