■ REINALDO VARGAS, Respondent, v JUAN MARTE, Defendant, and GOODO BEVERAGE CORP., Appellant. [999 NYS2d 373]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 6, 2014, which denied defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d) and to demonstrate property damage, and granted plaintiff's cross motion for summary judgment on the issue of liability, unanimously modified, on the law, to grant defendants' motion to the extent it seeks dismissal of plaintiff's claim for property damage and to deny plaintiff's cross motion, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a permanent consequential or significant limitations in his left knee as a result of the accident by offering the affirmed reports of their orthopedist, who found normal ranges of motion in plaintiff's left knee, and of their radiologist, who found that plaintiff's left knee symptoms were preexisting degenerative symptoms consistent with injuries he sustained four years earlier (*see Henchy v VAS Express Corp.*, 115 AD3d 478 [1st Dept 2014]; *Rickert v Diaz*, 112 AD3d 451 [1st Dept 2013]).

In opposition, plaintiff raised a triable issue of fact with his medical expert's finding of range of motion deficits, in addition to the nonconclusory opinions rendered in the affirmed reports of his surgeon and his orthopedic expert. In particular, plaintiff's surgeon, recognizing that plaintiff had sustained a prior left knee injury and some age-related degeneration, opined, following his review of plaintiff's MRIs from before and after the accident, that the lack of left knee pain prior to the accident, coupled with the acute onset of pain after the accident, showed that plaintiff's left knee meniscal tears were causally related to the subject accident (*see Vargas v Moses Taxi, Inc.*, 117 AD3d 560 [1st Dept 2014]; *McSweeney v Cho*, 115 AD3d 572 [1st Dept 2014]).

Defendants met their initial burden on the 90/180-day category of serious injury by showing lack of causation, but failed to establish prima facie that plaintiff worked for more than 90 days out of the 180 days following the accident. In opposition, plaintiff raised an issue of fact as to causation, and also presented evidence that he was terminated from employment 45 days after his accident due to his injuries, thus raising a triable issue of fact as to whether he reached the threshold for this category (*see Swift v New York Tr. Auth.*, 115 AD3d 507, 508-509 [1st Dept 2014]).

Defendants demonstrated entitlement to summary judgment dismissal of plaintiff's claim for property damage (*see Owens v State of New York*, 96 AD2d 630 [3d Dept 1983]), and plaintiff offered no opposition to that branch of the motion.

The competing accounts of how the accident occurred, as presented by plaintiff's testimony, his affidavit, the testimony of plaintiff's passenger, and the reports submitted, preclude plaintiff's request for partial summary judgment on the issue of liability (*see Calcano v Rodriguez*, 91 AD3d 468, 468-469 [1st Dept 2012]).

We have considered the other arguments and find them unavailing. Concur—Sweeny, J.P., DeGrasse, Feinman and Gische, JJ.