■ ANTONIO SANCHEZ, Appellant, v DAWN DRAPER et al., Respondents, et al., Defendant. [998 NYS2d 185]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about July 10, 2013, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint for failure to satisfy the serious injury threshold of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motions denied.

Defendants established entitlement to judgment as a matter of law in this action where plaintiff alleges that he suffered serious injuries involving "significant" and "permanent consequential" limitation of use of his cervical and lumbar spine when his car was rear-ended in a four-car motor vehicle accident. Defendants showed that plaintiff's injuries were not significant or permanent by submitting affirmed reports of an orthopedist and neurologist who found full range of motion and no signs of nerve damage. Defendants also submitted a radiologist's affirmed report asserting that the MRI of the 55-year-old plaintiff's cervical spine showed diffuse degenerative changes that preexisted the accident and no herniation.

In opposition, plaintiff raised an issue of fact by submitting the affirmed narrative report of his treating neurologist, who set forth plaintiff's history of progressively worsening symptoms, including limitations in range of motion expressed as a percentage of normal, and described his qualitative impairments. This assessment was supported by objective medical evidence, including the affirmed MRI reports finding herniated discs in the cervical spine and bulging discs in the lumbar spine, observations of muscle spasm and an abnormal EMG and nerve conduction test (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]; *Cruz v Rivera*, 94 AD3d 576 [1st Dept 2012]). The neurologist's opinion that plaintiff's cervical and lumbar spine injuries were directly caused by the accident were sufficient to defeat summary judgment, given that defendants did not contest causation of the lumbar injury, and that their orthopedist conceded the possibility of a cause and effect relationship be-

tween the history, as described by plaintiff, and the claimed spinal injuries (*see Mulligan v City of New York*, 120 AD3d 1155 [1st Dept 2014]; *McSweeney v Cho*, 115 AD3d 572 [1st Dept 2014]).

Plaintiff also submitted certified medical records of the physical therapy and chiropractic treatment he started receiving within days of the accident. Such evidence supports a finding of a causal connection between the accident and the injuries (*see Perl v Meher*, 18 NY3d 208 [2011]; *Angeles v American United Transp., Inc.*, 110 AD3d 639 [1st Dept 2013]; CPLR 4518 [a]). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.