■ SALVATORE GIUFFRE et al., Appellants, v BART BULGUES et al., Respondents. [22 NYS3d 14]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 2, 2014, which granted defendants' motions for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to plaintiff Giuffre's claims of "permanent consequential" and "significant" limitations of use of his lumbar spine, and otherwise affirmed, without costs.

Plaintiffs allege that, as the result of a motor vehicle accident that occurred in June 2011, they both suffered serious injuries to their cervical and lumbar spines, Giuffre underwent a laminectomy and partial discectomy in 2014 that resulted in scarring, and Baz also suffered scarring of her knees.

Defendants established prima facie that plaintiff Giuffre did not suffer a serious injury by submitting a radiologist's report finding no evidence of cervical spine injury and a lumbar spine herniation attributable to preexisting degenerative disc disease. In addition, they submitted reports of an orthopedist and neurologist who found no permanent or significant limitations and a plastic surgeon who found no disfiguring scars.

In opposition, Giuffre raised an issue of fact as to his lumbar spine claims by submitting the reports of his orthopedic surgeon, who found severe limitations in range of motion and

averred that a lumbar spine MRI performed in 2012 and surgery revealed a herniated disc, which he opined was causally related to the accident. Particularly in light of Giuffre's relatively young age at the time of the accident, that was sufficient to raise an issue of fact as to causation (*see Sanchez v Draper*, 123 AD3d 492 [1st Dept 2014]). Although the surgeon did not examine Giuffre until over a year after the accident, plaintiffs submitted evidence corroborating Giuffre's testimony that he received physical therapy during the year following the accident and an MRI report prepared about one month after the accident that also showed a lumbar herniation. Thus, Giuffre provided sufficient evidence to raise an issue of fact as to a causal connection between the accident and his lumbar spine injury (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]). However, Giuffre's physician offered no opinion as to any causal connection between the accident and his claimed cervical spine injury, and there is no competent evidence in the record of any treatment of the cervical spine. Nor did Giuffre provide any evidence to refute the showing that his scarring was not disfiguring.

As for plaintiff Baz, defendants submitted the reports of their radiologist, who found no injuries, and their orthopedist and neurologist, who found normal range of motion. In opposition, Baz failed to present any evidence of cervical spine injury (*see Henchy v VAS Express Corp.*, 115 AD3d 478, 480 [1st Dept 2014]). Further, she presented no competent evidence of any medical treatment contemporaneous with the accident to raise an issue as to a causal connection between the accident and her claimed injuries (*see Perl*, 18 NY3d at 217-218). She presented no evidence of disfiguring scars.

Defendants established prima facie that plaintiffs did not sustain a serious injury under the 90/180-day category through plaintiffs' bill of particulars, which did not include a 90/180-day claim, and deposition testimony (*see Colon v Tavares*, 60 AD3d 419 [1st Dept 2009]). In opposition, plaintiffs failed to submit competent medical evidence sufficient to raise an issue of fact. Concur—Tom, J.P., Friedman, Saxe and Gische, JJ.