■ ADELINA DACOSTA, Appellant, v CARLOS GIBBS et al., Respondents. [33 NYS3d 160]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 17, 2015, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of permanent consequential and significant limitation of use of the lumbar spine, cervical spine, and right hand, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff did not suffer either significant limitation or permanent consequential limitation of use of her lumbar and cervical spine, by submitting affirmations by an orthopedist who found full ranges of motion in all planes and a neurologist who found no injury, except right hand weakness and deficits not related to the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]). However, the sworn reports of plaintiff's treating chiropractor and pain management physician, who found objective indications of injury to the cervical and lumbar spine, raise triable issues of fact as to the extent of plaintiff's injuries and causation (*see Reyes v Se Park*, 127 AD3d 459 [1st Dept 2015]; *Sanchez v Draper*, 123 AD3d 492 [1st Dept 2014]). In concluding that plaintiff's spinal injuries were causally related to the accident, plaintiff's physician adequately addressed

plaintiff's previous treatment for scoliosis, in light of plaintiff's claim that she was asymptomatic before the accident and the absence of any medical records showing otherwise (*see Jeffers v Style Tr. Inc.*, 99 AD3d 576, 577 [1st Dept 2012]).

Further, plaintiff's pain management physician diagnosed her with intrinsic minus hand injury involving a clawhand deformity, and opined that the hand condition resulted from cervical spine trigger point injections administered to relieve spinal pain causally related to the accident. Defendants, as the initial tortfeasors, may be liable not only for any injuries plaintiff may have sustained because of the accident, but also for any aggravation of her injuries resulting from subsequent negligent medical treatment of those injuries (*see Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 647 [1988]). The conflicting expert opinions as to the cause of plaintiff's subsequent hand injuries raise an issue of fact for trial (*see Jacobs v Rolon*, 76 AD3d 905 [1st Dept 2010]).

Plaintiff's testimony indicating that she missed less than 90 days of work in the 180 days immediately following the accident and otherwise worked "light duty" is fatal to her 90/180-day claim (*Tsamos v Diaz*, 81 AD3d 546, 547 [1st Dept 2011] [internal quotation marks omitted]). Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.