■ OSMARIE ENCARNACION, Respondent, v LUIS R. CASTILLO, Appellant, et al., Defendant. [44 NYS3d 744]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about August 17, 2016, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the claims of serious injury of a permanent nature within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant established prima facie that plaintiff did not sustain a serious injury involving significant or permanent consequential limitations of use of her cervical and lumbar spine through the affirmed report of an orthopedist who found normal ranges of motion, negative test results, and resolved strains/sprains in those parts (*see Reyes v Se Park*, 127 AD3d 459 [1st Dept 2015]; *Rickert v Diaz*, 112 AD3d 451 [1st Dept 2013]). Defendant's expert did not dispute that MRI studies of plaintiff's spine revealed disc herniations impinging on the thecal sac at multiple levels, and that her spinal injuries were causally related to the motor vehicle accident, which involved a head-on collision on a highway.

In opposition, plaintiff raised an issue of fact through the affirmed report of a physician who found continuing limitations in range of motion and objective indications of injury to her cervical and lumbar spine, and opined that the injuries were causally related to the accident and permanent in nature (*see DaCosta v Gibbs*, 139 AD3d 487 [1st Dept 2016]; *Santana v Tic-Tak Limo Corp.*, 106 AD3d 572 [1st Dept 2013]). Defendant's treatment-gap argument is unpreserved for review (*see Tadesse v Degnich*, 81 AD3d 570 [1st Dept 2011]). In any event, plaintiff provided an adequate explanation by averring that her insurance carrier ceased to pay for her treatment, which she could not cover out of her own pocket (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905 [2013]; *Serbia v Mudge*, 95 AD3d 786, 787 [1st Dept 2012]). Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.