■ YOUNG MAN LEE et al., Appellants, v JUAN RODRIGUEZ et al., Respondents. [55 NYS3d 167]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 21, 2016, which granted defendants' motion for summary judgment dismissing the complaint alleging serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants demonstrated prima facie that plaintiffs suffered no serious injuries to any of their allegedly injured body parts by submitting the affirmed reports of an orthopedist and a neurologist who found no deficits in the relevant ranges of motion upon recent examination (*see Shinn v Catanzaro*, 1 AD3d 195, 197 [1st Dept 2003]). They also submitted evidence that plaintiffs neither reported any injury to the police immediately after the motor vehicle accident nor sought any medical treatment shortly after the accident, indicating that their claimed injuries were not causally related to the accident (*see Perl v Meher*, 18 NY3d 208, 218 [2011]; *Rosa v Mejia*, 95 AD3d 402, 404 [1st Dept 2012]).

In opposition, plaintiffs' only admissible submissions were the affirmed reports of a doctor who found limitations in range of motion in the allegedly injured body parts on examination of plaintiffs some three years after the accident. Moreover, to the extent the doctor recited findings made by another doctor who purportedly examined plaintiffs three weeks and two months after the accident and referred to MRI reports not in the record, his reports are hearsay and therefore may not be relied upon to raise an issue of fact (*see Malupa v Oppong*, 106 AD3d 538 [1st Dept 2013]). As the record is "devoid of any medical records, charts or bills to support [plaintiffs'] claim of having received treatment" after the accident (*Rosa v Mejia*, 95 AD3d at 403), it shows no causal connection between the accident and plaintiffs' claimed injuries (*see Camilo v Villa Livery Corp.*, 118 AD3d 586 [1st Dept 2014]). Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.