Henry v Carr (2018 NY Slip Op 03208)





Henry v Carr


2018 NY Slip Op 03208


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6455 305645/14

[*1]Kashaun Henry, Plaintiff-Respondent,
v
Xucia Carr, Defendant-Appellant.


Richard T. Lau & Associates, Jericho (Kathleen E. Fioretti of counsel), for appellant.
The Law Offices of Jeffrey L. Goodman, P.C., Brooklyn (Richard C. Bell of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about July 24, 2017, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing plaintiff's claims that he sustained serious injuries to his cervical spine and lumbar spine within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to grant the motion as to the cervical spine claim, and otherwise affirmed, without costs.
Defendant established that plaintiff did not sustain a serious injury involving significant or permanent consequential limitations of use of his cervical spine or lumbar spine through the affirmed report of her expert orthopedist, who found normal ranges of motion and no objective evidence of traumatic injury in the subject body parts, and opined that any injury to these body parts had resolved (see Reyes v Se Park, 127 AD3d 459, 460 [1st Dept 2015]; Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]). Defendant also submitted post-accident treatment records that indicated that plaintiff did not have limited range of motion. However, defendant's expert did not raise any issue as to causation, since he acknowledged that the accident caused the resolved cervical and lumbar spine injuries (see Moreira v Mahabir, 158 AD3d 518 [1st Dept 2018]; Santos v New York City Tr. Auth., 99 AD3d 550 [1st Dept 2012]).
In opposition, plaintiff raised an issue of fact as to his claimed lumbar spine injury through the affirmed report of his orthopedic surgeon, who examined plaintiff on several occasions, both shortly after the accident and more recently, and observed significant limitations in range of motion, as well as positive results on objective tests for lumbar injury (see Moreira v Mahabir, 158 AD3d at 518-519; Encarnacion v Castillo, 146 AD3d 600, 601 [1st Dept 2017]). In addition, plaintiff's radiologist averred that his MRI revealed conditions of the lumbar spine discs. The orthopedist's post-accident findings of limitations in range of motion conflict with the medical records submitted by defendant, raising an issue of fact, particularly since symptoms may vary in severity over time (see Perl v Meher, 18 NY3d 208, 218 [2011]). Although plaintiff was not required to address causation, his orthopedist did address the fact that plaintiff had suffered a prior lumbar spine injury, noted that plaintiff had fully recovered from that injury before the subject accident, and opined that plaintiff's current conditions were causally related to the accident (see id. at 219).
As to the claimed cervical spine injury, however, plaintiff failed to submit evidence sufficient to raise an issue of fact as to whether any sprain or strain caused by the accident involved significant or permanent consequential limitations in use. His physician did not examine the cervical spine at any time, and plaintiff effectively abandoned his claim of cervical spine injury by failing to address it in his opposition to defendant's motion (see Bray v Rosas, 29 AD3d 422 [1st Dept 2006]). Nevertheless, should plaintiff establish a serious injury of the [*2]lumbar spine at trial, he will be entitled to recover for other injuries causally related to the accident (see Osborne v Diaz, 104 AD3d 486, 487 [1st Dept 2013]; Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK