Hernandez v Marcano (2018 NY Slip Op 03816)





Hernandez v Marcano


2018 NY Slip Op 03816


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


305348/11 6705 6704

[*1]Maria Hernandez, Plaintiff-Appellant,
v
Trevor Marcano, et al., Defendants-Respondents.


The Sullivan Law Firm, New York (James A. Domini of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf LLP, Brooklyn (Thomas Torto of counsel), for Trevor Marcano and Crescent Cab Corp., respondents.
Richard T. Lau & Associates, Jericho (Kathleen E. Fioretti of counsel), for Daniel Alvarado and Michael Cook, respondents. 



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about June 23, 2017, which denied plaintiff's motion to renew defendants' motions for summary judgment dismissing the complaint as against them for lack of serious injury under Insurance Law § 5102(d), unanimously reversed, on the law and the facts, without costs, plaintiff's motion granted, and, upon renewal, defendants' motions denied as to the claims of serious injury to the cervical and lumbar spine and otherwise granted. Appeal from order, same court (Sharon A.M. Aarons, J.), entered May 5, 2016, unanimously dismissed, without costs, as academic.
The court improvidently exercised its discretion in denying plaintiff's motion to renew, which sought to submit an affirmation by her treating physician that, although referred to in her opposition papers, had been inadvertently omitted from the set of papers filed in court (see CPLR 2221[e]). Plaintiff demonstrated that the omission was the result of law office failure and that consideration of the affirmation would not prejudice defendants (see Cruz v Castanos, 10 AD3d 277 [1st Dept 2004]; Cespedes v McNamee, 308 AD2d 409 [1st Dept 2003]; see also Telep v Republic El. Corp., 267 AD2d 57, 58 [1st Dept 1999]).
Defendants established prima facie that plaintiff did not suffer serious injury to her cervical or lumbar spine through the affirmed reports of their medical experts, who found normal ranges of motion and no objective evidence of injury in the subject body parts (see Reyes v Se Park, 127 AD3d 459 [1st Dept 2015]; Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]; Paduani v Rodriguez, 101 AD3d 470 [1st Dept 2012]). Defendants did not have to address plaintiff's claim of serious injury to her left shoulder, because that injury was not pleaded in the bill of particulars and was raised for the first time in opposition to their motion (see Santos v Traylor-Pagan, 152 AD3d 406 [1st Dept 2017]; Boone v Elizabeth Taxi, Inc., 120 AD3d 1143 [1st Dept 2014]). However, in any event, defendants Marcano and Crescent Cab Corp.'s expert found full range of motion and absence of injury to the left shoulder, and defendants Alvarado and Cook submitted plaintiff's hospital records showing that plaintiff sought no treatment for her shoulder after the accident, indicating that any shoulder condition was not causally related to the accident (see Lee v Rodriguez, 150 AD3d 481 [1st Dept 2017]).
In opposition, plaintiff raised an issue of fact as to her cervical and lumbar spine through her physician's affirmed report, which found continuing range of motion limitations, positive results on objective tests for cervical and lumbar injury, and causally related these injuries to the accident (Moreira v Mahabir, 158 AD3d 518, 518-519 [1st Dept 2018]; Encarnacion v Castillo, 146 AD3d 600 [1st Dept 2017]; Santana v Tic-Tak Limo Corp., 106 AD3d 572 [1st Dept 2013]). Plaintiff also submitted affirmed reports of MRIs of her spine performed shortly after the accident.
To the extent plaintiff asserts a left shoulder injury, as noted, it was not pleaded in her bill of particulars, and, in any event, she submitted no evidence of contemporaneous treatment of the shoulder in the period following the accident, indicating a lack of any causal connection (see Rosa v Mejia, 95 AD3d 402 [1st Dept 2012]).
Defendants satisfied their initial burden as to plaintiff's 90/180-day claim through plaintiff's own deposition testimony admitting that she was able to return to work during the first two to three weeks after the accident, and plaintiff failed to submit evidence in opposition sufficient to raise an issue of fact (see Komina v Gil, 107 AD3d 596, 597 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK