Aquino v Alvarez (2018 NY Slip Op 04094)





Aquino v Alvarez


2018 NY Slip Op 04094


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6808 305823/14

[*1]Ivette Aquino, Plaintiff-Appellant,
v
Silverio A. Alvarez, et al., Defendants-Respondents, Danny Moses Ramos, Defendant.


Daniel S. Berke, Brooklyn, for appellant.
Baker, McEvoy, Morrison & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered on or about May 4, 2017, which granted defendants' motion for summary judgment dismissing the complaint for lack of serious injury under Insurance Law § 5102(d), unanimously modified, on the law, the motion denied as to plaintiff's claims of serious injury to her cervical and lumbar spine, and otherwise affirmed, without costs.
Defendants met their initial burden through the affirmed reports of their medical experts who found no objective evidence of serious injury to the cervical spine, lumbar spine, and left shoulder, and concluded that any observed conditions were not causally related to the accident (see Franklin v Gareyua, 136 AD3d 464, 465 [1st Dept 2016], affd 29 NY3d 925 [2017]; Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]). In particular, their orthopedist opined that the findings made by plaintiff's orthopedic surgeon following arthroscopic surgery on the shoulder, including a "rather prominent spur," synovitis, and bursitis, indicated that plaintiff had a degenerative labral tear and impingement, and no causally-related pathology. Defendants also relied on the report of an emergency medical specialist who concluded that plaintiff's post-accident hospital records were inconsistent with any traumatically-induced injuries, and showed no clinical signs of shoulder injury (see Paulling v City Car & Limousine Servs., Inc., 155 AD3d 481 [1st Dept 2017]; Moore-Brown v Sofi Hacking Corp., 151 AD3d 567 [1st Dept 2017]).
In opposition, plaintiff raised an issue of fact as to her cervical and lumbar spine by submitting affirmed reports of her treating physicians who found range of motion limitations, objective evidence of injury, such as bulging discs shown on MRI films, and opined that these injuries were causally related to the accident (see Encarnacion v Castillo, 146 AD3d 600 [1st Dept 2017]; Santana v Tic-Tak Limo Corp., 106 AD3d 572 [1st Dept 2013]). Since defendants did not present any evidence of preexisting injuries to the cervical and lumbar spine documented in plaintiff's own medical records, nothing further was required of plaintiff in opposition to the motion as to those claims (see Sanchez v Oxcin, 157 AD3d 561, 563 [1st Dept 2018]).
However, as to plaintiff's claimed shoulder injury, her doctors' conclusory opinions of a causal relationship were insufficient to raise an issue of fact. They did not address her surgeon's operative findings, including the "very extremely large bone spur" and synovitis, and explain [*2]why these findings were not degenerative or were not the cause of the shoulder conditions for which she had surgery (see De La Rosa v Okwan, 146 AD3d 644 [1st Dept 2017], lv denied 29 NY3d 908 [2017]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK