Santos v UM Cab Corp. (2019 NY Slip Op 07749)





Santos v UM Cab Corp.


2019 NY Slip Op 07749


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10238 304062/15

[*1] Armando Santos, Plaintiff-Appellant,
v
UM Cab Corp., et al., Defendants-Respondents.


Mitchell Dranow, Sea Cliff, for appellant.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about September 14, 2018, which granted defendants' motion for summary judgment dismissing the complaint due to plaintiff's inability to satisfy the serious injury threshold of
Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that he suffered serious injuries to his cervical spine and left shoulder as a result of an accident that occurred when defendants' vehicle hit the side of his vehicle. Defendants demonstrated that plaintiff did not sustain any serious injury by submitting the affirmed reports of their experts who, among other things, reviewed plaintiff's medical records and MRIs and opined that plaintiff's cervical spine and shoulder conditions were preexisting degenerative conditions not causally related to the accident (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Defendants also submitted the report of an emergency medicine expert, who found that plaintiff's hospital records were inconsistent with his claimed serious injuries (see Hayes v Gaceur, 162 AD3d 437 [1st Dept 2018]), as well as plaintiff's own MRI reports showing disc desiccation in the cervical spine and his testimony concerning prior left shoulder surgery following a work-related accident (see Thompson v Bronx Merchant Funding Servs. LLC, 166 AD3d 542, 543 [1st Dept 2018]).
In opposition, plaintiff failed to raise a triable issue of fact. His treating physicians provided only conclusory opinions that the accident caused or exacerbated his conditions, but failed to explain why the degenerative and preexisting conditions reflected in plaintiff's medical records could not be ruled out as the cause of his injuries (see Thompson at 543-544; Campbell v Drammeh, 161 AD3d 584, 585 [1st Dept 2018]; Rickert v Diaz, 112 AD3d 451, 452 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK