Nadim v Gadi Inc. (2021 NY Slip Op 00499)





Nadim v Gadi Inc.


2021 NY Slip Op 00499


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 22016/16E Appeal No. 12981 Case No. 2020-01950 

[*1]Saiful Nadim, et al., Plaintiffs-Appellants,
v
Gadi Inc. et al., Defendants-Respondents.


Leav & Steinberg, LLP, New York (Edward A. Steinberg of counsel), for appellants.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered September 5, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff Saiful Nadim's inability to satisfy the serious injury threshold under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants met their prima facie burden and established that plaintiff did not sustain a serious injury to his lumbar spine allegedly resulting from an accident that occurred in May 2014 by submitting plaintiff's own deposition testimony concerning his activities after the accident and the affirmed reports of a neurologist, orthopedist, and radiologist. Defendants' orthopedist noted normal range of motion and negative results on various tests and concluded that plaintiff's lumbar spine injury had resolved (see Haniff v Khan, 101 AD3d 643, 643 [1st Dept 2012]). Defendants' radiologist concluded that the positive findings in plaintiff's lumbar spine MRI were degenerative in origin, and not causally related to the accident (see Diakite v PSAJA Corp., 173 AD3d 535, 535 [1st Dept 2019]; Campbell v Drammeh, 161 AD3d 584 [1st Dept 2018]). Although the neurologist noted limited range of motion in plaintiff's lumbar spine on examination, she concluded that these findings were based on subjective complaints and not supported by any objective findings, noting that plaintiff demonstrated normal range of motion during spontaneous activities (see Macdelinne F. v Jimenez, 126 AD3d 549, 551 [1st Dept 2015]).
Assuming that plaintiff adequately addressed the issue of causation, his medical records show at most a minor or insignificant injury that does not constitute a serious injury resulting in significant or permanent limitation in use of his lumbar spine (see Gaddy v Eyler, 79 AD2d 955 [1992]). Plaintiff submitted medical records reflecting that he had some limited range of motion in the month after the accident but failed to submit any other admissible medical evidence of significant or permanent limitations in his lumbar spine. Plaintiff submitted the affirmed report of his physician who examined him more than four years later, but that physician's recitation of the range of motion findings was of another orthopedist and therefore constitutes hearsay (see Lee v Rodriguez, 150 AD3d 481, 482 [1st Dept 2018]). Furthermore, the lack of evidence of continuing limitations after June 2014, and cessation of treatment after November 2014
at the latest, precludes plaintiff's claim that his lumbar spine injury is permanent (see Holmes v Brini Tr. Inc., 23 AD3d 628, 629 [1st Dept 2014]; see also Tejada v LKQ Hunts Point Parts, 166 AD3d 436, 437 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021