| **Carrington v Ibragimov** |
| 2024 NY Slip Op 30017(U) |
| January 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 528494/2021 |
| Judge: Debra Silber |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS : PART 9**

_____

SEON CARRINGTON,

                        **Plaintiff,**

     -against-

AMIRJON IBRAGIMOV
and TEMURJON IBRAGIMOV,

                    **Defendants.**

_____

**DECISION / ORDER**
**Index No. 528494/2021**
**Motion Seq. No. 3**

*Recitation, as required by CPLR 2219(a), of the papers considered in the review of defendants'*
*motion for summary judgment.*

| **Papers** | **NYSCEF Doc.** |
|---|---|
| Notice of Motion, Affirmation and Exhibits Annexed.................... | 42-48 |
| Affirmation in Opposition and Exhibits........................................ | 50-58 |
| Reply Affirmation............................................................................ | 59 |

     **Upon the foregoing cited papers, the Decision/Order on this motion is as follows:**

     This is a personal injury action arising out of a motor vehicle accident that occurred on April 11, 2021. At the time of the accident, the plaintiff was driving his own vehicle and defendant Amirjon Ibragimov was driving a vehicle owned by co-defendant Temurjon Ibragimov when they came into contact with each other at the intersection of Sutter Avenue and Snediker Avenue in Brooklyn, New York.

     The defendants timely move for summary judgment dismissing the plaintiff's complaint, pursuant to CPLR Rule 3212, on the ground that plaintiff did not sustain a "serious injury" as defined by Insurance Law § 5102 (d).

     Plaintiff's bill of particulars alleges that he sustained injuries to his cervical spine and left shoulder as a result of the accident. At the time of the accident, plaintiff was thirty-four

[* 1]

years old. Plaintiff testified that he was transported by ambulance from the scene of the accident to the Brookdale University Hospital emergency room.

The defendants provide, in support of their motion, an affirmed report from an orthopedist, the plaintiff's EBT transcript, plaintiff's bill of particulars, the pleadings, and an affirmation of counsel.

Howard A. Kiernan, M.D., an orthopedist, examined plaintiff on May 24, 2023, two years and one month after the accident. He provides an affirmed IME report [Doc 48] that states that he reviewed plaintiff's bill of particulars, the emergency room record from Brookdale University Hospital, and the reports of the MRI's of the plaintiff's left shoulder, cervical spine, and lumbar spine.

In his report, Dr. Kiernan states that he conducted range of motion tests on the body parts that the plaintiff claims were injured in the subject accident. In his examination of the plaintiff's cervical spine and left shoulder, he reports that he found that the plaintiff had normal ranges of motion in all planes when compared to "normals". For unknown reasons, Dr. Kiernan also conducted range of motion tests on plaintiff's thoracic spine, lumbar spine, right shoulder, right and left elbows, wrists, hands, hips, knees, ankles and feet, none of which are body parts claimed to have been injured in the plaintiff's bill of particulars. Dr. Kiernan's diagnosis is limited to the plaintiff's cervical spine and left shoulder, both of which he reports as "sprain/strain – resolved." Dr. Kiernan goes on to opine that that "[b]ased on my physical examination, Mr. Carrington has reached end result in my specialty, Orthopedics. There is no need for physical therapy. There is no need for household help, special transportation, durable medical equipment or diagnostic testing."

The moving defendants contend that their medical evidence, combined with plaintiff's testimony at his EBT, eliminates all categories of injury in the statute. Plaintiff testified at his EBT, held on November 30, 2022, that he was working for a temp agency,

[* 2]

mostly doing security-related jobs, and was working at Magnolia's Women Shelter on the date of the accident [Doc 47, pp 15-16]. He further testified that he missed two weeks from his job as a result of the subject accident [*id.* pp 17, 18].

The court finds that defendants have made a *prima facie* showing of their entitlement to summary judgment (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The affirmed report of the orthopedist who examined the plaintiff indicates that he did not sustain a serious injury as a result of the subject accident. Further, plaintiff's testimony that he missed only two weeks from work makes a prima facie showing on the 90/180-day category of injury (*see Dacosta v Gibbs*, 139 AD3d 487, 488 [1st Dept 2016] ["Plaintiff's testimony indicating that she missed less than 90 days of work in the 180 days immediately following the accident and otherwise worked "light duty" is fatal to her 90/180–day claim"]; *Strenk v Rodas*, 111 AD3d 920 [2d Dept 2013] [plaintiff returned to work on a partial basis during the relevant period of time ]; *Hamilton v Rouse*, 46 AD3d 514, 516 [2d Dept 2007] ["The plaintiff testified at trial that he missed only one month of work, that he then returned to work on a part-time basis, and that, after another month, he had resumed working on a full-time basis"]). Dr. Kiernan's report also makes a prima facie showing with regard to the other categories of injury claimed by the plaintiff in his bill of particulars. The burden of proof then shifts to the plaintiff.

Plaintiff contends that the medical evidence he has submitted overcomes the motion and raises a triable issue of fact as to whether he sustained a serious injury under Insurance Law § 5102(d). The plaintiff opposes the motion with an attorney's affirmation, two affirmed reports from Dr. John McGee, plaintiff's treating osteopath, and a multitude of medical records that are not in admissible form. As such, the court did not consider the emergency room record from Brookdale University Hospital, plaintiff's physical therapy, acupuncture or chiropractic records, the records from Motion Medical Diagnostics,

plaintiff's MRI reports, or the records from Dr. Rene Hilderbrand, Dr. William Jones, or Teddy Caliste, P.A. in determining this motion.

Dr. McGee first treated plaintiff three days after the accident, on April 14, 2021. At the plaintiff's first exam, Dr. McGee noted reduced ranges of motion in the plaintiff's left shoulder, cervical spine, and lumbar spine [Doc 53, p 1-5]. At his recent exam, conducted on October 10, 2023, when Dr. McGee tested the range of motion in the plaintiff's cervical spine, he noted that "I found flexion was limited to 30 degrees (normal 60 degrees) and extension was 20 degrees (normal 50 degrees). His left and right rotation was limited to 20 and 40 degrees respectively (normal 80 degrees) and right and left lateral flexion was 20 and 30 degrees respectively (normal 80 degrees)."

Upon examination of the plaintiff's lumbar spine, he noted that "his forward flexion was limited to 60 degrees (normal 90 degrees) and extension was 10 degrees (normal 30 degrees). Her [*sic*] left and right rotation was limited to between 2 and 30 respectively (normal 45 degrees) and right and left lateral flexion 20 degrees (normal 35 degrees)."

When Dr. McGee examined the plaintiff's left shoulder, he found that "Carrington's left shoulder was similarly limited. I determined his flexion was limited to 130 degrees (normal 180 degrees), left abduction was limited to 120 degrees (normal 180 degrees), left extension was limited to between 20 degrees (normal 50 degrees). Neer test was positive for compression. Drop arm and crossed chest tests were positive" [Doc 55].

Dr. McGee states that "I have read the report of Dr. Howard Kiernan, and I disagree with his conclusions" and opines that "I have concluded, to a reasonable degree of medical certainty, that the medical conditions set forth above were caused by the April 11, 2021 automobile accident, and have resulted in a significant limitation and loss of use of Carrington's cervical and lumbar spine and left shoulder. The injuries and restrictions are permanent and consequential. It is probable that he will experience pain and restricted

[* 4]

range of motion and mobility for the balance of his life." He further opines that "[t]he injuries resulting in demonstrated, objectively determined range of motion deficits are significant and permanent. The conservative treatment he received did not allow her [*sic*] to reach preinjury function. I believe to a reasonable degree of medical certainty that the injury set forth above and consequent loss of range of motion were objectively proven and will persist to a degree throughout Carrington's life and may require additional treatment and care. This is likely to include injection therapy and, as he ages, surgery to his neck and/or lower back and/or shoulder cannot be ruled out."

The court finds that the plaintiff has overcome the motion and raised a triable issue of fact as to whether he sustained a "serious injury" as a result of the subject accident (*see Young Chan Kim v Hook*, 142 AD3d 551, 552 [2d Dept 2016]). Dr. McGee opines that plaintiff has significant, quantified restrictions in his range of motion, both contemporaneously with the accident and recently. Further, Dr. McGee opines as to the permanent nature of plaintiff's injuries and states that plaintiff's injuries were caused by the subject accident. Thus, the parties' doctors raise a "battle of the experts." This is sufficient to raise an issue of fact which requires a trial.

Accordingly, it is **ORDERED** that the motion is denied.

This constitutes the decision and order of the court.

Dated: January 2, 2024

**E N T E R :**

_____

**Hon. Debra Silber, J.S.C.**

[* 5]